14156

STATE v. FLINTROY *ET AL.*

(182 S. E., 311)

*Mr. L. A. Hutson,* for appellant,

*Mr. A. J. Hydrick,* Solicitor, for the State.

November 1, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

W. L. Flintroy was charged with the offense of rape by an indictment presented and found against him May 6, 1935. The same day he was arraigned on that indictment; he entered a plea of not guilty. On that day Mary Beard Ezekiel was arrested and charged with aiding Flintroy to escape arrest and punishment. The next day, May 7, another indictment was presented to the grand jury charging Flintroy with the crime of rape, with assault with intent to ravish and assault and battery of a high and aggravated nature. Mary Beard Ezekiel immediately after her arrest demanded of the magistrate a preliminary examination, which was refused; the magistrate saying that the solicitor had the warrant. She moved the Court, in open Court, that the case be referred to the magistrate in order that a preliminary examination be held; that motion was refused. At the conclusion of the state's testimony, Flintroy moved for a directed verdict in his favor. The Court directed a verdict of not guilty as to Flintroy on all the counts of the indictment

except that which charged assault and battery of a high and aggravated nature; this he submitted to the jury and Flintroy was found guilty. At the same time the appellant, Mary Beard Ezekiel, moved for a directed verdict of not guilty, which motion was refused. She was found guilty of being accessory after the fact. She made a motion for a new trial on several grounds, including this: "2. That the crime against the defendant Flintroy had been reduced to a misdemeanor, and under the law and the facts as presented by the evidence there could not be an accessory after the fact to a misdemeanor." The motion was refused, and both defendants were sentenced to ten years' penal servitude. Mary Beard Ezekiel alone appeals. Her appeal is founded upon several exceptions, only two of which need be specifically noticed. The first is that which challenges the refusal to grant the motion for new trial on the ground that there is no accessory to a misdemeanor.

This exception must be sustained. It is the common law:

"Those who would be accessories after the fact in felony and treason, are not such in misdemeanors. Where their offense is cognizable at all by the criminal law, it is itself a distinct misdemeanor." 1 Bishop on Criminal Law (7th Ed.), § 705.

"Crimes of the grade of misdemeanors do not admit of accessories after the fact." 16 C. J., 138, § 135.

The only statutory provision in this State relating to accessories is contained in Section 1937 of the Code of 1932, and that relates solely to accessories in felonies.

It was error not to grant the motion for new trial on this ground.

Another exception charges that it was error not to grant the motion to remand the case to the magistrate for the purpose of holding a preliminary examination, and error in holding that Section 936 of the Code of 1932 is unconstitutional.

That provision of the statute relating to preliminary examinations herein involved is contained in Section 936, Vol. 1, Code of Laws 1932, and is in these words: "That whenever any defendant or defendants shall demand, in writing, a preliminary hearing it shall be mandatory upon such magistrate to grant said hearing, and the said case shall not be transmitted to the Court of General Sessions or submitted to the grand jury until a preliminary hearing shall have been had, the magistrate to retain jurisdiction and the Court of General Sessions not to acquire jurisdiction until after such preliminary hearing: *Provided, Further,* that the demand for such preliminary hearing shall be made at least ten (10) days before the convening of the next General Sessions Court thereafter."

On trial the State challenged the constitutionality of the Act for that it contravened the provisions of Section 18 of Article 5 of the Constitution, which is in these words: "The Court of General Sessions shall have jurisdiction in all criminal cases except those cases in which exclusive jurisdiction shall be given to inferior Courts, and in these it shall have appellate jurisdiction. It shall also have concurrent jurisdiction with, as well as appellate jurisdiction from, the inferior Courts in all cases of riot, assault and battery, and larceny. It shall sit in each County in the State at least twice in each year at such stated times and places as the General Assembly may direct."

The contention of the State is that the Constitution not having conferred on any inferior Court jurisdiction of the crimes of rape, assault with intent to ravish, and assault and battery of a high and aggravated nature, the Court of General Sessions has exclusive jurisdiction to try such cases, and that Section 936 interferes with the exercise of this exclusive jurisdiction by taking from that Court the right to have the grand jury pass upon any case pending before a magistrate for preliminary examination or to act upon any case of felony or otherwise in which the magistrate has

discharged the defendant, and would make the discharge a bar to any further investigation by the grand jury.

We cannot concur in this view. Section 21 of Article 5 of the Constitution defines the jurisdiction of magistrates as follows: "They shall have exclusive jurisdiction in such criminal cases as the General Assembly may prescribe: Provided, further, Such jurisdiction shall not extend to cases where the punishment exceeds a fine of one hundred dollars or imprisonment for thirty days. *In criminal matters beyond their jurisdiction to try, they shall sit as examining courts, and commit, discharge, or (except in capital cases) recognize persons charged with such offenses, subject to such regulations as the General Assembly may provide."* (Italics added.)

The section under review does not infringe upon the jurisdiction of the Court of General Sessions. It may in some cases postpone its exercise. But it is careful to require that the demand for a preliminary hearing shall be made not less than ten days before the sitting of the next term of the Court of General Sessions, evidently for the purpose of not delaying nor interfering with the business of the Court. In cases arising within the time of ten days just before the sitting of the Court the question of a preliminary examination is left to the discretion of the Court. The State's apprehension that the discharge of a defendant by a magistrate in a felony case will be a bar to his further prosecution is groundless. Such a discharge is not a final determination of such a charge, and we know of no law which deprives the State of the right to proceed with the investigation of the charge. Such defendant so discharged certainly cannot plead former jeopardy.

It is common knowledge to the profession that often persons charged with crime and denied a preliminary hearing were deprived of the right to know the exact nature of the charge against them, and thus denied the opportunity fully to prepare for their defense. It was to meet this con-

dition that the statute embodied in Section 936, *supra,* was passed. It safeguards the right of the accused, who is presumed to be innocent until he is proved to be guilty, and does not impose any hardship on the State in the administration of the law.

It was error to hold that the section was unconstitutional.

The judgment of the Court is that the judgment of the Court below is reversed as to the appellant, Mary Beard Ezekiel, and she is discharged from custody without delay.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.