16104

STATE v. NESMITH
(48 S. E. (2d) 595)

*Mr. A. L. King,* of Georgetown, for Appellant,

*Mr. J. Reuben Long, Solicitor,* of Conway, for Respondent.

July 12, 1948.

FISHBURNE, J.: Under an indictment charging him with the felonious breaking and entering of a dwelling house in the night time, with intent to commit rape or other felony, the appellant, James Nesmith, was tried in the court of general sessions for Georgetown County at the Fall Term, 1946.

He was found guilty with recommendation to mercy, and sentenced by the court to a term of imprisonment for twelve years, under Section 1138 of the Code.

On this appeal several issues are raised relating to the conduct of the trial, all of which are characterized as being technical by appellant's counsel, but claimed to be meritorious.

Error is assigned because the appellant was denied the right of a preliminary hearing or investigation before the trial of his case as provided for in Code Section 935.

No issue arises with reference to the facts, but we think a brief statement of the factual background will tend to clarify the questions to be discussed.

Clifford Baxley, his wife and children, lived at Graves' Station, a sparsely settled community near the railroad track. Baxley and his wife were employed at the box plant of a manufacturing establishment known as Southern Craft. This plant was located five miles from their home. They reported for work at 10:30 o'clock p. m. for the night shift, and knocked off at 7 o'clock the following morning. They had four children: Alethia Baxley, sixteen years of age; two boys, aged eleven and thirteen years, respectively, and a girl about six years of age. On the night of August 22, 1946, which was the night the appellant is charged with breaking and entering the home of Clifford Baxley, it was occupied by the four children referred to above, and a nephew who was fourteen years of age.

About 1 o'clock in the morning of August 23rd, Alethia Baxley was awakened by a noise in her room close to the bed. Thinking that it was one of the children, she got a flashlight from under her pillow, turned it on and discovered appellant standing at the foot of the bed, partly undressed. She screamed, and he hurriedly left the house by way of a window on the porch through which he had entered.

The appellant is a colored man without a previous criminal record. He had been working for several months at a cement block plant located about 100 yards to the rear of the home of the prosecutrix. She had seen him several times getting drinking water from the well in the yard of her parents, and had no difficulty in identifying him. Appellant took the stand, and admitted that he gained entrance to the house by raising the sash on the porch, and was in the bedroom of the prosecutrix when she gave the alarm. He denied, however, that he was not fully clothed, and stated that he was just about drunk, had lost his way returning from a piccolo joint in the neighborhood, and thought he was in the home of his brother who lived several hundred yards away, on the other side of the railroad track.

This matter was immediately reported by Alethia Baxley to her parents when they returned home from work about 7:30 o'clock on the morning of August 23rd. The officers of the law made an investigation, and a warrant was promptly issued for the arrest of appellant. This warrant charged him with "breaking and entering the dwelling house of Clifford Baxley in the night time, intentions unknown." No preliminary hearing was demanded by appellant following his arrest although he was represented then by the same counsel who represents him now. He was admitted to bail and while on bail continued to work at the cement block plant.

At the next term of the court of general sessions for Georgetown County, which convened in the Fall of 1946, an indictment was presented to the grand jury, upon which they brought in a true bill which charged that appellant did feloniously and burglariously break and enter the dwelling house of Clifford Baxley on the night of August 22, 1946, with intent to commit larceny. However, at the same term of the court, and before discharge, the solicitor presented to the grand jury a second indictment wherein the appellant

was charged, as heretofore stated, with housebreaking in the night time, with intent to commit rape upon Alethia Baxley, and other felonious crimes. Upon this indictment, the grand jury returned a true bill, and it was upon this indictment that appellant was tried and convicted. We should state here that when the second indictment was found, the solicitor *nol prossed* the first indictment herein referred to.

The case was called for trial at that term of the court. Before his arraignment, he moved to quash the indictment, and demanded the right to a preliminary hearing before a magistrate. Counsel stated in support of this motion that when the original warrant charging housebreaking was issued, he made an investigation on behalf of his client, and did not deem it necessary to demand a preliminary. That he was prepared to go to trial upon the first indictment brought in by the grand jury, charging housebreaking with intent to commit larceny, but felt that his client would be prejudiced if forced to go to trial upon the second indictment charging housebreaking with intent to commit rape, if he were not given the benefit of a preliminary examination on this offense before a magistrate.

The court overruled the motion, and the case proceeded to trial. The issue is now presented that error was committed in denying the appellant the right to a preliminary hearing.

This question has been before the court a number of times in kindred cases with reference to Section 935 of the Code. This section, with its amendments, provides:

"It shall be the duty of *any magistrate who issues a warrant* charging a crime beyond his jurisdiction to grant and to hold a preliminary investigation of the same upon demand of the defendant at any time before the trial, at which investigation the defendant shall have the right to cross examine the State's witnesses in person or by counsel, * * * provided, the defendant be held by recognizance in bailable cases or committed for custody in the meantime:

provided, further, that whenever any defendant or defendants shall demand, in writing, a preliminary hearing it shall be mandatory upon such magistrate to grant said hearing, and the said case shall not be transmitted to the court of general sessions or submitted to the grand jury until a preliminary hearing shall have been had, the magistrate to retain jurisdiction, and the court of general sessions not to acquire jurisdiction until after such preliminary hearing: provided, further, that the demand for such preliminary hearing shall be made at least ten (10) days before the convening of the next general sessions court thereafter." (Emphasis added.)

It will be noted that the foregoing section provides that a preliminary hearing shall be granted by the magistrate issuing the warrant upon written demand made at least ten days before the convening of the next general sessions court. Under such circumstances—that is, if a demand in writing be made at the proper time, the magistrate retains jurisdiction until such preliminary hearing shall be had.

In the warrant issued by the magistrate, appellant was charged with breaking and entering the dwelling of Clifford Baxley in the night time, "intentions unknown." In our opinion, this phraseology was broad enough in its scope to include intent to commit larceny, rape or other felony, and sufficient to put appellant upon notice that a definite charge of felony would be preferred against him. If he had desired a more specific accusation, all he needed to do was to make due demand for a preliminary hearing instead of awaiting positive action by the grand jury. However, appellant's counsel after conducting a personal investigation, decided that a preliminary was not necessary.

Under the foregoing circumstances, it is logical to conclude that appellant deemed himself prepared to meet and defend any charge of felonious "intent" which might be coupled with breaking and entering a dwelling house in the night time. It follows that by foregoing

the right to demand a preliminary hearing, such right was waived.

Appellant advances the additional ground for a new trial, that the second indictment changes the nature of the offense from that of "intent to commit larceny," as charged in the first indictment, to that of "intent to commit rape upon Alethia Baxley, and other felonious crimes." Therefore, it is urged on this ground that his motion for a preliminary hearing before a magistrate, prior to trial, should have been granted.

However, even if we adopt the view that a new and different offense was incorporated in the second indictment, this would not avail the appellant.

Section 935 of the Code, which covers preliminary hearings, does not apply when the charge is initially made in the indictment by the grand jury. In such case, the court of general sessions alone has jurisdiction. It would be in the discretion of the trial judge, however, upon a proper showing, to refer the case to some magistrate designated by him so as to afford the defendant the benefit of a preliminary investigation. But this record does not disclose any sufficient showing for such action.

For cases bearing upon the question under discussion, see *State v. Adcock,* 194 S. C. 234, 9 S. E. (2d) 730; *State v. Flintroy,* 178 S. C. 89, 182 S. E. 311; *State v. Mason.* 115 S. C. 214, 105 S. E. 286; *State v. Crosby,* 108 S. C. 315, 94 S. E. 488.

The position is next taken that appellant was not tried upon the exact charge set out in the indictment. We think it apparent that the exception raising this issue has been taken under a misapprehension. It is entirely clear from the record that appellant was placed upon trial on the second indictment, and the charge therein contained was fully explained by the trial judge to the jury.

It is urged that the court erred and failed to exercise a sound judicial discretion in refusing to grant appellant's motion to continue the case beyond the term. It is said on this ground of appeal that appellant was prepared to go to trial upon the indictment charging burglary, based upon intent to commit larceny, but was not ready to go to trial upon the second indictment charging burglary based upon intention to commit rape. The matter of granting a motion for a continuance is within the sound discretion of the court, and the exercise of this discretion will not be disturbed by this court except upon a showing of abuse. The record does not disclose grounds for holding that there was error of law in refusing to continue the case. There was nothing in the record brought here, to show the existence of any surprise or prejudice suffered by the appellant by reason of the refusal to grant a continuance.

It is next charged that the trial judge committed error of law in charging the jury with reference to circumstantial evidence. The exception raising this question might well be termed too vague and indefinite to present any alleged error. However, we have examined the instructions given by the trial judge relating to circumstantial evidence. That portion of the charge is as follows, and in our opinion correctly states the law:

"I charge you, gentlemen, that evidence may be divided into two classes, direct evidence and circumstantial evidence. Direct evidence is testimony, which if believed; tends directly to prove a fact in issue. Circumstantial evidence on the other hand, while not tending directly to prove a fact in issue gives rise to a legal inference that such fact does exist. I charge you that where the State relies on circumstantial evidence to prove the guilt of a defendant that that evidence must be so strong and point so unerringly to the guilt of the defendant as to exclude every other reasonable hypothesis than his guilt, that he is guilty."

The last issue presented is this: Appellant complains that he was not tried by a fair and impartial jury, and was prejudiced because the chief prosecuting witness was a member of the venire from which the petit jury had to be drawn. The chief prosecuting witness referred to was Clifford Baxley, the father of Alethia Baxley. It appears that he was a member of the venire drawn for service at that term of the court of general sessions. While Baxley was a member of the venire, his name was not called for service on the jury which sat in the case of the appellant, and there can be little doubt that if his name had been drawn and he had been presented to take the oath he would promptly have been excused by the court from sitting on the case.

Counsel offers neither argument nor authority to show error or prejudice by reason of the fact that Mr. Baxley, the father of the prosecutrix, happened to be summoned that week as a juror. Under the facts of the case, his contention is legally untenable.

Judgment affirmed.

BAKER, C.J., and STUKES, TAYLOR and OXNER, JJ., concur.