19480

The STATE, Respondent, v. Hurley Alfred FUNDERBURK, Jr., Appellant

(191 S. E. (2d) 520)

*Edward M. Leppard,* of *Leppard & Leppard,* Chesterfield, *for Appellant,*

258

Messrs. *Daniel R. McLeod, Atty. Gen., Joseph C. Cole-*
*man, Deputy Atty. Gen.,* of Columbia, and *Marion H.*
*Kinon, Sol.,* of Dillon, *for Respondent,*

September 11, 1972.

BUSSEY, Justice:

The defendant Funderburk appeals from his conviction on a charge of grand larceny at the May 1971 term of the Court of General Sessions for Chesterfield County. On May 4, 1970, he was arrested on two warrants issued by magistrate Horton, charging him with the offenses of grand larceny and receiving stolen goods. He was thereafter released on bail and on May 8th retained counsel who immediately served and filed with the magistrate a written demand for preliminary hearing, which hearing was not held until October 2, 1970. In the meantime, the May term of court had commenced on May 18, 1970, and on that date an indictment based upon the aforesaid warrants was submitted to the grand jury and a true bill returned. The defendant was tried upon said indictment at a trial which commenced on October 12, 1970, and ended in a mistrial. Prior thereto, the defendant made a motion to dismiss and/or quash the indictment on the ground, *inter alia,* that under the facts and provisions of Code Section 43-232 the Court of General Sessions and the grand jury had no jurisdiction of the case at the time of the indictment and that

such was accordingly void. Judge Baker, the presiding judge, denied the motion and ruled that "This court now has jurisdiction and it can be tried even though the indictment was returned at the May term and the preliminary hearing was held thereafter."

The cause came on again for trial on February 1, 1971, before Judge Weatherford and a jury and again resulted in a mistrial. Prior thereto defendant renewed his motion to quash which had been denied by Judge Baker. Judge Weatherford denied such motion, *inter alia,* for the reason that there had been no appeal from Judge Baker's holding, stating, "I hold that it is now *res judicata.* I cannot grant the motion in the retrial of a mistried case * * *."

The case came on for trial again at the May 1971 term before Judge Spruill with the motion to quash again being renewed, again the motion was denied, Judge Spruill pointing out the absence of any appeal or notice of intention to appeal from Judge Baker's ruling and saying, "I am inclined to think that is the law of the case and I deny your motion on that ground." The trial which ensued resulted in a conviction of the defendant on the grand larceny charge.

Section 43-232 of the Code reads as follows:

"When and how defendant may demand preliminary examination.

"Any magistrate who issues a warrant charging crime beyond his jurisdiction shall grant and hold a preliminary investigation of it upon the demand in writing of the defendant made at least ten days before the convening of the next court of general sessions, at which investigation the defendant may cross-examine the State's witnesses in person or by counsel, have the reply in argument if there be counsel for the State, and be heard in argument in person or by counsel as to whether a probable case has been made out and as to whether the case ought to be dismissed by the magistrate and the defendant discharged without delay. When such a hearing has been so demanded the case shall not be transmitted to

the court of general sessions or submitted to the grand jury until the preliminary hearing shall have been had, the magistrate to retain jurisdiction and the court of general sessions not to acquire jurisdiction until after such preliminary hearing."

It will be noted that the demand for a preliminary hearing in this case was noticed exactly ten days before the convening of the next term of the Court of General Sessions. The record does not reflect any contention on the part of the State below that the demand for a preliminary hearing was not timely noticed and for the purpose of this appeal we treat the demand as having been timely made. Such being the case, it is quite clear that under the literal terms of the statute the Court of General Sessions had no jurisdiction of the case at the time of the indictment, to-wit: May 18, 1970. *State v. Flintroy,* 178 S. C. 89, 182 S. E. 311; *State v. Adcock,* 194 S. C. 234, 9 S. E. (2d) 730; *State v. Nesmith,* 213 S. C. 60, 48 S. E. (2d) 595; *Blandshaw v. State,* 245 S. C. 385, 140 S. E. (2d) 784; *State v. Sanders,* 251 S. C. 431, 163 S. E. (2d) 220.

We think it elementary, with no need for citation of authority, that the acts of a court with respect to a matter as to which it has no jurisdiction are void. The jurisdiction of a grand jury is co-extensive with the criminal jurisdiction of the court in which it is impaneled and for which it is to make inquiry. 42 C. J. S. Indictments and Information § 17, page 855; 38 C. J. S. Grand Juries § 34b, page 1029. The court being without jurisdiction, the indictment in this case was a nullity.

It is elementary that lack of jurisdiction of the cause or subject matter can be raised at any time, including for the first time on appeal in this Court. *State v. Castleman,* 219 S. C. 136, 64 S. E. (2d) 250; *State v. Adams,* 73 S. C. 435, 53 S. E. 538. Accordingly, it is immaterial that the defendant failed to appeal from the earlier ruling of Judge Baker or the intermediate ruling of Judge

Weatherford, even if it be assumed that he had the right to do so.

In its brief the State apparently concedes the invalidity of the indictment for lack of jurisdiction if the demand for a preliminary hearing was timely made in accordance with the provisions of Code Sec. 42-232. It argues, however, that the language "at least ten days", contained in the statute, contemplated ten clear days, excluding both the day of service, May 8, and May 18th, the convening day of the court, and that, hence, the demand was not timely served. As previously noted, the record does not reflect that this contention was made or relied upon below; it is not mentioned in appellant's brief and appears for the first time in the brief for the State. It is well settled that where a particular question or issue has not been raised below and has not in anywise been passed upon by the lower court, it is not properly before us for decision. See numerous cases collected in West's South Carolina Digest, Appeal and Error, Key No. 169, and Criminal Law, Key No. 1028. Such contention not being properly before us, we refrain from passing thereupon and intimate no opinion as to any possible merit such contention might have if timely made.

Having concluded that the defendant was tried and convicted upon indictment which was a nullity, it follows that he was convicted in violation of Article I, Section 17 of the Constitution, as amended, now Article I, Section 11. His conviction is accordingly vacated.

The foregoing conclusions make it unnecessary to pass upon the other questions raised, none of which will necessarily arise again should the defendant hereafter be tried upon a valid indictment.

Reversed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.