TOWN OF ALFORD vs. SOUTHERN BERKSHIRE REGIONAL
SCHOOL DISTRICT & others.

Berkshire.    September 11, 1973. — March 27, 1974.

Present: HALE, C.J., GRANT, & ARMSTRONG. JJ.

*School and School Committee. Alford. Words,* "Elementary school."

A regional school district agreement made under G. L. c. 71, §§ 14B, 15, and providing in effect that the district should maintain in each of the member towns an elementary school for grades one through four precluded a transfer of the pupils in those grades in the elementary school in one of the towns to schools elsewhere in the district and use of the school in that town only for kindergarten; that town in a suit for declaratory relief was entitled to a decree declaring that the district was required by the agreement to provide an elementary school in that town for grades one through four, or such of those grades as might be required to provide instruction to eligible school age children in that town. [98-100]

The powers of a regional school district under G. L. c. 71, § 16, must be exercised within the terms of the regional school district agreement made pursuant to §§ 14B, 15. [100-102]

BILL IN EQUITY filed in the Superior Court on August 10, 1970.

The suit was heard by *Sgarzi,* J.

*James P. Dohoney* for the plaintiff.

*Joseph H. Elcock* for Southern Berkshire Regional School District.

ARMSTRONG, J.   This bill for declaratory and injunctive relief was brought by the town of Alford, one of five member towns of the Southern Berkshire Regional School District (district), to adjudge their rights under an agreement executed and adopted pursuant to G. L. c. 71, §§ 14B and 15 (both added by St. 1949, c. 638, § 1), and

to require the district to maintain an elementary school consisting of grades one through four in the town of Alford. The town appeals from a final decree which interpreted the agreement to permit the closing of the elementary school in Alford if the regional district school committee (committee) deemed such action to be in the best interests of the students. The judge made a report of material facts. G. L. c. 214 § 23. The evidence is reported.

The district, consisting originally of the towns of Egremont, Monterey, New Marlborough and Sheffield, was formed in 1953 in accordance with the provisions of G. L. c. 71, §§ 14-15, and declared valid by St. 1953, c. 422. In 1954 the town of Alford was admitted to the district in accordance with the method provided by the agreement pursuant to § 14B (f). The district, thus expanded, was again validated. St. 1954, c. 282.

On December 18, 1969, the committee voted to transfer grades one, two, three and four from the elementary school in Alford to various schools in Egremont and Sheffield, and after September 1, 1970, to use the Alford school exclusively as a kindergarten.

Paragraphs (b) and (c) of § 14B require that a proposed regional school district agreement indicate the types and locations of the regional district schools. The agreement in this case made the following provisions:

> "3. THE DISTRICT SCHOOLS: — As soon as practicable the Committee shall acquire by purchase or otherwise land in the Town of Sheffield, as near as practicable to the population and geographical center of the District, and shall proceed with the construction, equipping and furnishing of a new school building. Said building shall include necessary facilities to house grades 7-12 for the entire District and, in addition, shall include four (4) classrooms to house 5th and 6th grade students.

The District shall thereafter construct and equip such additional school buildings as may be necessary.

"a) The District shall maintain and operate elementary schools in each of the Member Towns, and Member Towns hereby give consent thereto. Such schools shall include all public school pupils not served by the facilities provided for in Section 3 above. The District shall assume all expenses of operation and maintenance of said schools and shall pay for insurance coverage or reimburse the Member Towns for any premiums paid by them."

We are unable to accept the contention of the committee that this agreement is complied with by maintaining only a kindergarten in Alford. The words "elementary school" in common usage include grades one through six[1]; and although sections 3 and 3 (a) of the agreement are not as clear as they might be, they import to us, and must have imported to the voters at the time the district was established, that the committee would maintain at least grades one to four, inclusive, in each of the member towns.[2]

The more substantial contention of the committee is, as we understand it, that § 16 invests regional school

---

[1] Webster's Third New International Dictionary (1971 ed.) defines "elementary school" as "a school in which elementary subjects (as reading, writing, spelling and arithmetic) are taught to children from about six to about twelve years of age which in the U. S. covers the first six or eight grades."

[2] The official report of the regional school district planning board (see § 14 and § 14A) stated: "Under the terms of this Agreement a school district so formed would offer the following basic features . . . 4. The continued use of the present schools in the four Towns for the lower grades, thus keeping the smaller children as near their homes as possible."

districts "with all the powers and duties conferred by law upon school committees"; and that it has long been decided that school committees have power to close schools and to transfer pupils. We do not question that school committees are generally so empowered. *Dowd* v. *Dover,* 334 Mass. 23, 26 (1956), and cases cited.

However, it is manifest that the grant in § 16 of all the powers and duties conferred by law upon school committees by implication is made subject to the qualification that such powers and duties must be exercised within the terms of the agreement mandated by § 14B. The agreement is the very basis of the consent of the constituent towns to the creation of a district. Section 15 requires that the matter be put to a vote, and that, if a majority of the voters of each town approve, "the proposed regional school district shall be deemed to be established forthwith *in accordance with the terms of the agreement so adopted . . .*" (emphasis supplied). This is not to say that the towns comprising a district may insert in their agreement whatever provisions they wish curtailing the exercise by the district of the traditional powers of school committees; to the contrary, § 14B is very specific in setting forth the subjects which are to be covered in the agreement. The provisions at issue in this case, relating to the type and location of district schools, are clearly proper subjects for such an agreement. Section 14B (b) and (c).

The committee argues that conditions are different from what they were when the agreement was entered into nearly two decades ago, and that it, as a "body politic and corporate" (§ 16), should be able to adjust to changed circumstances and phase out an outmoded one-room schoolhouse in a town with a diminishing school population. We do not disagree; but if the committee is at liberty to ignore the agreement in this respect, we do not see why it is not at liberty to ignore it in every respect. The problem could have been avoided, of course, by having drafted the agreement so as to give the

committee more flexibility, and might perhaps be avoided in the future through the initial approval power granted the Department of Education by § 14B. But as this agreement does not have the requisite flexibility, there appears to be no recourse but to amend the agreement, either through the Legislature or by following the amendment procedures set forth in the agreement itself.

We see no need for injunctive relief. It is not to be assumed that the members of the committee, as public officials, will not carry out their duties under the agreement. *Times Film Corp.* v. *Commissioner of Pub. Safety,* 333 Mass. 62, 63 (1955), and cases cited.

The final decree is reversed. The town of Alford is entitled to a decree declaring that the district is required by sections 3 and 3 (a) of the regional school district agreement to maintain and operate in the town an elementary school, consisting of grades one to four, inclusive or such of those grades as may be required to provide instruction to eligible school age children in the town of Alford.

*So ordered.*