577 So.2d 680 (1991)
STATE of Florida, Appellant,
v.
Mary ROLAND, Appellee.
No. 90-2757.
District Court of Appeal of Florida, Fourth District.
April 3, 1991.
Rehearing Denied April 30, 1991.
*681 Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
The state charged Appellee/Defendant/Mary Roland (Roland) by information with violating section 893.13(1)(e), Florida Statutes, for having purchased cocaine within 1000 feet of the Morris Learning Center, a kindergarten/preschool. The court dismissed the information, stating that the "Morris Learning Facility is not a school within the meaning of the statute." The state appeals the trial court's dismissal of the information. We affirm.
Section 893.13(1)(e) states, in pertinent part:
Except as authorized by this chapter, it is unlawful for any person to sell, purchase, manufacture, or deliver, or to possess with the intent to sell, purchase, manufacture, or deliver, a controlled substance in, on, or within 1,000 feet of the real property comprising a public or private elementary, middle, or secondary school (emphasis added).
The issue on appeal is whether the trial court erred in concluding that, as a matter of law, the Morris Learning Center (Morris Center) is not a "public or private elementary, middle, or secondary school."
We first note that the issue is an appropriate one for a motion to dismiss. The facts in the instant case are undisputed that the Morris Center is a kindergarten/preschool program, that it enrolls students from the ages of two to six, and that the children move on to the first grade when they graduate. Thus, the issue is solely one of statutory interpretation. Therefore, because "[s]tatutory interpretation is a matter of law to be determined by the trial court," City of St. Petersburg v. Austin, 355 So.2d 486, 488 (Fla. 2d DCA 1978), the trial court did not err in resolving the issue on a motion to dismiss.
The language of the instant statute, unlike the language of other statutes, does not expressly include kindergartens or preschools. See section 228.041, Florida Statutes. In Thayer v. State, 335 So.2d 815, 817 (Fla. 1976), the Florida Supreme Court stated:
It is, of course, a general principle of statutory construction that the mention of one thing implies the exclusion of another; expressio unius est exclusio alterius. Hence, where a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned.
Thus, by excluding kindergartens and preschools from section 893.13(1)(e), the legislature failed to enact a statute that applies to kindergartens and preschools.
Furthermore, the common meaning of the term "elementary school" is the first through sixth grades. Inhabitants of Alford v. Southern Berkshire Regional School District, 2 Mass. App. 98, 308 N.E.2d 791 (1974). Webster's New Collegiate Dictionary (1981) defines "elementary school" as "a school usu. including the first six or the first eight grades." Therefore, in light of the fact that penal statutes must be construed strictly in favor of the accused, State v. Jackson, 526 So.2d 58 (Fla. 1988); section 775.021(1), Florida Statutes, we hold that section 893.13(1)(e) does not apply to kindergartens or preschools. Accordingly, we affirm the trial court's order granting Roland's motion to dismiss.
AFFIRMED.
LETTS, GUNTHER and WARNER, JJ., concur.