POLEN, Judge.
Edwards was charged by information with purchasing cocaine within 1,000 feet of the Lauderdale Manor Christian Learning Center in violation of section 893.-13(l)(e), Florida Statutes (1989).[1] Edwards moved to dismiss the charge on three grounds: (1) Lauderdale Manor was not accredited by the State of Florida; (2) Lauderdale Manor was either a day care center or kindergarten and not a school as defined by section 228.041(5), Florida Statutes (1989);[2] and (3) Lauderdale Manor did not constitute a school under section 893.-13(l)(e) as a matter of law, considering the rule of lenity as codified in section 775.-021(1), Florida Statutes (1989).[3] The trial court dismissed the charge against Edwards and the state appeals from that dismissal. We reverse.
During the hearing on Edwards’ motion, Reverend William Campbell, administrator of Lauderdale Manor, testified that the school was not licensed by the State of Florida, but rather was controlled by a regional office of Accelerated Christian Education, Inc., based in Louisville, Texas. Reverend Campbell stated that Lauderdale Manor provided individualized training programs to its students, and they worked at their own pace. Lauderdale Manor was equipped to educate students up to a level approximately commensurate with the eighth grade level in the public school system. At the time of Edwards’ alleged offense, fourteen students were enrolled at Lauderdale Manor: twelve were learning at the pre-kindergarten or nursery school level; one was learning at the kindergarten level; and one was learning at the first grade level. These children ranged in age from four to eight years.
The trial court dismissed the charge against Edwards, noting that Lauderdale Manor did not fit within the definition of “school” found in section 228.041, as it was not licensed by the State of Florida, and only one student was working at the first grade level. The trial court stated:
To extend Florida Statute 893.13(l)(e) to include Lauderdale Manor Christian Center would be to extend the statute beyond the bounds intended by the Legislature. Under the strained interpretation urged by the State, any edifice used to tutor even a single student would qualify as a “school” for purposes of 893.-13(l)(e). For example, the homes of children involved in the Homebound Program, who receive at-home tuteledge [sic] from their parents would qualify as schools for the purpose of prosecution under Statute 893.13(l)(e). This Court does not believe that is either the letter or the intent of [that section].
In State v. Roland, 577 So.2d 680 (Fla. 4th DCA 1991), this court held that section 893.13(l)(e) did not apply to kindergartens or preschools.. Id. at 681. In determining whether the kindergarten/preschool involved in that ease fell within the meaning of the undefined term “elementary school” contained in § 893.13(l)(e), this court noted that:
*234 [T]he common meaning of the term “elementary school” is the first through sixth grades. Inhabitants of Alford v. Southern Berkshire Regional School District, [2 Mass.App. 98] 308 N.E.2d 791 (Mass.App.Ct.1974). Webster’s New Collegiate Dictionary (1981) defines “elementary school” as “a school usu. including the first six or the first eight grades.”

Id.

Application of the common meaning of “elementary school” to the instant case reveals that Lauderdale Manor is an elementary school for purposes of section 893.13(l)(e). Unlike the institution in Roland, Lauderdale Manor had one student participating in an individualized training program at the first grade level, and was equipped to educate students to the eighth grade level. Therefore, Lauderdale Manor was a school which “included” the first eight grades, and which therefore fit within the common meaning of “elementary school.”
We reject appellee’s argument that the definitions contained within Chapter 228 should be utilized to define “public or private elementary, middle, or secondary school” as used in § 893.13(l)(e). Chapter 228 provides that the definitions contained therein shall be used “wherever such defined words or terms are used in the Florida School Code." § 228.041, Florida Statutes (1989) (emphasis added). This court has implicitly recognized that section 893.-13(l)(e) was patterned after a similar federal statute, 21 U.S.C. § 845a (1985).[4] See State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989), aff'd, Burch v. State, 558 So.2d 1 (Fla.1990). Therefore, there is no indication that the Florida Legislature intended the definitions in section 228.041 to be applied to section 893.13(l)(e), when the latter statute was enacted.
We do not share the trial court’s concern that our interpretation of section 893.13(l)(e) would expand the definition of school to include private homes where children are tutored. A “school” is defined as “an organization that provides instruction ... an institution for the teaching of chil-dren_” Webster’s New Collegiate Dictionary 1026 (1981). A private home would not be characterized as such an “organization” or “institution.”
The trial court’s order dismissing the charge against appellee is reversed, and the cause is remanded for further proceedings against appellee in accord with this opinion.
REVERSED AND REMANDED.
HERSEY, C.J., and WARNER, J., concur.

. Section 893.13(l)(e) provides in pertinent part:
(l)(e) Except as authorized by this chapter, it is unlawful for any person to sell, purchase, manufacture, or deliver, or to possess with the intent to sell, purchase, manufacture, or deliver, a controlled substance in, on, or within 1,000 feet of the real property comprising a public or private elementary, middle, or secondary school....

. Section 228.041(5), Florida Statutes (1989) provides:
228.041 Definitions. — Specific definitions shall be as follows, and wherever such defined words or terms are used in the Florida School Code, they shall be used as follows: (l)(a) Public Schools. — The public schools shall consist of kindergarten classes; elementary and secondary school grades and special classes; and adult, part-time, vocational, and evening schools, courses, or classes authorized by law to be operated under the control of school boards....
(5) SCHOOL. — A school is an organization of pupils for instructional purposes on an elementary, secondary, or other public school level, approved under regulations of the state board.

.Section 775.021(1), Florida Statutes (1989) provides:
775.021 Rules of construction.—
(1) The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.

. In 1990 this section was renumbered to 21 U.S.C. § 860.