583 So.2d 1055 (1991)
STATE of Florida, Appellant,
v.
Jason LEE, Appellee.
No. 91-0050.
District Court of Appeal of Florida, Fourth District.
July 3, 1991.
Rehearing and Rehearing Denied September 5, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied September 5, 1991.
PER CURIAM.
The state charged appellee, Jason Lee, by information with violating section 893.13(1)(e), Florida Statutes (1989), for having purchased cocaine within 1,000 feet of the Pine Ridge Center School. The issue in this case is whether the Pine Ridge Center School is a "public or private elementary, middle or secondary school" as those terms are used within the statute. The state appeals the trial court's dismissal of the information. We affirm.
Pine Ridge Center School is an exceptional school, for severely mentally handicapped and retarded students. Students range in age from five to twenty-two years, and are placed in grades based upon their chronological age. However, the students have a minimal I.Q., and function below the level of a two year old. The curriculum consists of daily living skills attempting to make the students as self-sufficient as possible, but most of the students are not ambulatory, and some are in wheelchairs and cribs. Reading, writing, and math are not taught at the school. The faculty is comprised of teachers certified in mental retardation, with the aid of assistants.
In State v. Roland, 577 So.2d 680 (Fla. 4th DCA 1991), this court determined that the common meaning of the word "elementary school" is the first through the sixth grades. In Roland, this court concluded that the Morris Learning Center, a kindergarten/preschool, did not fall within the purview of the statute.
In this case, "students" in the Pine Ridge School are always supervised. Their conduct and progress will never rise to the level of the students at the Morris Learning Center, much less that of elementary school students.
As this court stated in Roland, penal statutes must be construed strictly in favor of the accused. The legislature must be presumed to know the meaning of its words and to have expressed its intent by the use of the words found in the statute. *1056 While the profoundly handicapped deserve protection from drug abuse, the evidence in this case shows that the intention of the statute, which is designed to protect elementary, middle, and secondary students from exposure to drugs, does not include the children at Pine Ridge Center School. These children are never unsupervised while they are at the school. They do not appear to be mentally or physically capable of appreciating or using drugs. While the legislature is free to amend the statute to protect these children, it does not appear that they have intended to do so, nor does the language that they have selected accomplish that result.
AFFIRMED.
GLICKSTEIN, FARMER, JJ., and STREITFELD, JEFFREY E., Associate Judge, concur.