## 23501

Moses WILLIAMS, Jr., Petitioner v. STATE of South Carolina, Respondent.

(410 S.E. (2d) 563)

Supreme Court

*Assistant Appellate Defender Daniel T. Stacey,* of *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Staff Atty., Lisa G. Jefferson,* Columbia, *for respondent.*

Submitted Sept. 25, 1991.

Decided Oct. 28, 1991.

## ON WRIT OF CERTIORARI

CHANDLER, Justice:

We granted certiorari to review the denial of post-conviction relief to Petitioner, Moses Williams, Jr. (Williams).

We reverse.

## FACTS

On February 24, 1989, Williams, involved in an argument with his girlfriend, stabbed her with a barbecue fork. He was indicted for assault and battery with intent to kill (ABIK), and for "visibly displaying what appeared to be a knife" during commission of the ABIK.

Williams, *pro se,* pled guilty to both charges and was sentenced, respectively, to fifteen years and five years, consecutive.

## ISSUE

Did the trial court have subject matter jurisdiction to accept Williams' plea to "visibly displaying what appeared to be a knife" during commission of the ABIK?

## DISCUSSION

S.C. Code Ann. § 16-23-490 (Cum. Supp. 1990) provides additional punishment for possessing certain specified weapons during commission of a violent crime,[1] stating in part:

> Any person who is convicted of committing . . . a violent crime . . . *or visibly displays what appears to be a firearm or visibly displays a knife* during the commission of the violent crime, shall . . . be punished by a term of imprisonment of five years. . . . (Emphasis supplied.)

A "knife" is defined in the statute as "an instrument or tool consisting of a *sharp cutting blade* . . . capable of being used to inflict a cut, slash, or wound." (Emphasis supplied.)

While a barbecue fork is an instrument capable of inflicting a wound, it has no sharp cutting blade; it, therefore, is not a "knife" within the meaning of the statute.

---

[1] ABIK is a violent crime under S.C. Code Ann. § 16-1-60 (Cum. Supp. 1990).

The remaining inquiry is whether Williams is subject to additional punishment for visibly displaying what *appears* to be a knife. We hold he is not.

Penal statutes are construed strictly against the State and in favor of the defendant. *State v. Cutler*, 274 S.C. 376, 264 S.E. (2d) 420 (1980). As was aptly summarized by Chief Justice Marshall in *United States v. Wiltberger*, 5 Wheaton 76, 95-96, 5 L. Ed. 37, 42 (1820):

> The rule that penal laws are to be construed strictly, is perhaps not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals; and on the plain principle that the power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the court, which is to define a crime, and ordain its punishment. . . .
>
> The intention of the legislature is to be collected from the words they employ. Where there is no ambiguity in the words, there is no room for construction. The case must be a strong one indeed, which would justify a court in departing from the plain meaning of words, especially in a penal act, in search of an intention which the words themselves did not suggest. To determine that a case is within the intention of a statute, its language must authorize us to say so.

It is clear from the statute that a violent-crime defendant is subject to the additional punishment for visibly displaying what *appears* to be a firearm. It is equally clear that such a defendant is not subject to the additional punishment for displaying what *appears* to be a *knife*. The weapon must, in fact, *be* a knife. This Court is without authority to depart from the plain meaning of the words of the statute. Accordingly, the trial court lacked subject matter jurisdiction to accept Williams' plea to this offense. The portion of the sentence imposing five years for "visibly displaying what appears to be a knife" is vacated.[2]

Reversed.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.

---

[2] Certiorari was granted only to review this issue. The conviction for ABIK is unaffected.