23837

Dale R. SLACK, Petitioner v. STATE of South Carolina, Respondent.

(429 S.E. (2d) 801)

Supreme Court

*Asst. Appellate Defenders Wanda H. Haile* and *M. Anne Pearce,* both of the *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zalenka,* and *Asst. Atty. Gen. Delbert H. Singleton, Jr.,* Columbia, *for respondent.*

Heard March 23, 1993.

Decided April 12, 1993.

FINNEY, Justice:

Petitioner Dale R. Slack appeals from the denial of his petition for a writ of habeas corpus. We reverse and vacate his plea to and sentence for grand larceny.

On April 15, 1987, petitioner pled guilty to grand larceny and third-degree burglary. He received consecutive sentences of ten and five years, respectively.

Petitioner's initial application for postconviction relief (PCR) was denied after a hearing. His second PCR application was dismissed as successive. The appeal from the denial of his second application was denied by this Court.

Thereafter petitioner asserted before the circuit court that a writ of habeas corpus should be issued. His habeas corpus petition was denied, and now petitioner seeks review in this Court from the denial of his petition for habeas corpus.

Petitioner argues on appeal that the circuit court erred in failing to issue a writ of habeas corpus because the trial court lacked subject matter jurisdiction to accept his plea of guilty

on an offense which the trial judge interpreted to be the crime of grand larceny. We agree.

The circuit court ruled that petitioner's motion for a writ of habeas corpus was untimely filed and that the motion, even if treated as a PCR action, could not be granted. This was error. The issue of subject matter jurisdiction may be raised at any time. *Cf. State v. Funderburk*, 259 S.C. 256, 191 S.E. (2d) 520 (1972).

The body of the indictment for larceny alleged that the property stolen had a value of more than $50. In 1987, the time the offense was committed, grand larceny required the value of the property allegedly stolen to exceed $200. S.C. Code Ann. § 16-13-30 (1985) (defining petit larceny). Therefore, the indictment fails to allege grand larceny. Further, petitioner's written waiver of presentment of this indictment states that he is waiving presentment for larc. (sic), not grand larceny.

The circuit court lacked jurisdiction to accept petitioner's plea to grand larceny. He had neither been indicted for nor waived presentment of that charge. *See Murdock v. State*, — S.C. —, 417 S.E. (2d) 543 (1992); *State v. Evans*, — S.C. —, 415 S.E. (2d) 816 (1992). Accordingly, we reverse the denial of the writ of habeas corpus, and vacate petitioner's plea to and sentence for grand larceny.

Reversed, and plea and sentence vacated.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.