PER CURIAM.
The state appeals the trial court’s order granting appellee’s motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.
Appellee, Charles Hannah, was initially charged with having violated section 893.-13(2)(e), by purchasing drugs within 1,000 feet of a school. Hannah plead guilty to the charge and judgment, was entered against him on April 1, 1991. The school involved was the Pine Ridge Center School. In State v. Lee, 583 So.2d 1055 (Fla. 4th DCA 1991), an opinion issued on July 3, 1991, this court held that the Pine Ridge Center School was not a “school” within the meaning of section 893.13(2)(e). Id. at 1055. In his rule 3.850 motion, Hannah argued that he was sentenced for a nonexistent crime, relying upon this court’s opinion in Lee. Hannah also argued that his trial counsel did not have Hannah’s best interests in mind, because counsel failed to advise him to plead nolo contendere in light of the issue regarding Pine Ridge Center School, an issue that had arisen in several cases prior to Hannah’s plea conference. The trial court granted Hannah’s motion stating in part:
THE COURT having considered the grounds for the Motion and considered the applicable law finds that the decision by the Fourth District Court of Appeal entitles the defendant to Post Conviction Relief.
We agree with the state that the trial court erred in applying this court’s decision in Lee retroactively. Only the Florida Supreme Court and the United States Supreme Court can adopt a change of law sufficient to precipitate a post-conviction challenge to a final conviction and sentence. Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). However, we do not know whether the trial court would find merit in Hannah’s second ground for relief. We remand for an evidentiary hearing on that second ground.
REVERSED and REMANDED.
STONE, POLEN and' KLEIN, JJ., concur.