24267

Jessie Heyward JOHNSON, Jr., Petitioner v.
STATE of South Carolina, Respondent.

(459 S.E. (2d) 840)

Supreme Court

*Asst. Appellate Defender Lisa T. Gregory, South Carolina Office of Appellate Defense, Columbia, for petitioner.*

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. J. Emory Smith, Jr., Asst. Atty. Gen. Teresa Nesbitt Cosby, and Asst. Atty. Gen. Teresa A. Knox, Columbia, for respondent.*

Submitted June 1, 1995.

Decided July 3, 1995; Reh. Den. Aug. 9, 1995.

*Per Curiam:*

Petitioner was indicted for first-degree burglary and grand larceny. He pled guilty to second-degree burglary and grand larceny. He was sentenced to ten years' imprisonment for burglary and ten years, concurrent, for grand larceny. No direct appeal was taken.

Petitioner has filed a petition for a writ of certiorari from the denial, after a hearing, of his application for postconviction relief. We grant certiorari, dispense with further briefing and vacate petitioner's conviction and sentence for grand larceny.

Petitioner maintains that the circuit court lacked jurisdiction to accept his plea to grand larceny. At the time of the incident in question, S.C. Code Ann. § 16-13-30 defined petit larceny as the taking or carrying away of goods valued at less

than $200. This offense was considered a misdemeanor. In contrast, grand larceny involved the taking and carrying away of goods valued at $200 or more.[1]

The indictment purporting to charge petitioner with grand larceny alleged that petitioner did:

> privily enter the house of J.L. Hunt and privily and feloniously take and carry away personal goods of J.L. Hunt described as follows: one Seiko watch and a small amount of money.

According to the affidavit of the arresting officer included on the arrest warrant, the total value of the watch and "small amount of money"[2] allegedly taken was "less than $200."

Issues related to subject matter jurisdiction can be raised at any time. *State v. Funderburk*, 259 S.C. 256, 191 S.E. (2d) 520 (1972). The circuit court lacks subject matter jurisdiction to accept a guilty plea when an indictment fails to state an offense. *Williams v. State*, 306 S.C. 89, 410 S.E. (2d) 563 (1991). In this case, the indictment fails to allege that the value of the items stolen was greater than $200, which is an element of the offense of grand larceny. The circuit court, therefore, lacked jurisdiction to accept petitioner's plea to grand larceny. See *Slack v. State*, 311 S.C. 415, 429 S.E. (2d) 801 (1993) (circuit court lacked subject matter jurisdiction to accept petitioner's plea to grand larceny where the indictment alleged that petitioner had stolen goods valued at over $50). Accordingly, we vacate petitioner's conviction and sentence for grand larceny.

Vacated in part.

---

[1] This statute now sets the value of goods for grand larceny at $1000 or more. S.C. Code Ann. § 16-13-30 (Supp. 1994).

[2] Testimony at the guilty plea proceeding indicated that the amount of money stolen was approximately $3.30.