540 S.E.2d 846

Sam BROWN, Petitioner,

v.

STATE of South Carolina, Respondent.

No. 25227.

Supreme Court of South Carolina.

Submitted Nov. 15, 2000.

Decided Jan. 8, 2001.

---

284 S.C. 456, 327 S.E.2d 342 (1985) (no accord without a meeting of the minds).

John B. Shupper, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General G. Robert Deloach, III, and Assistant Attorney General Douglas Leadbitter, all of Columbia, for respondent.

WALLER, Justice:

We granted certiorari to address petitioner's claim that the trial court lacked subject matter jurisdiction to accept his guilty pleas on three counts of distribution of crack cocaine within proximity of a school. We reverse the dismissal of petitioner's post-conviction relief (PCR) application and vacate his convictions on these counts.

## FACTS/PROCEDURAL HISTORY

In 1993, petitioner pled guilty to three counts of distribution of crack cocaine, three counts of distribution of crack cocaine within proximity of a school, and one count of trafficking in crack cocaine. He was sentenced as a second offender to twenty years on each distribution count, ten years on each distribution within proximity of a school count, and twenty-five years on the trafficking count. The trial court ordered all sentences to run concurrent. Petitioner did not directly appeal.

The instant matter concerns petitioner's second PCR application wherein one allegation was lack of subject matter jurisdiction. Initially, the application was summarily dismissed as successive. On petition for certiorari, petitioner argued that there was no subject matter jurisdiction because of erroneous code sections listed in the indictments. This Court stated that the PCR court should not have dismissed the application as successive because subject matter jurisdiction may be raised at any time. The Court found no prejudice, however, and denied certiorari.

Because of some procedural irregularities in the initial handling of petitioner's application, the PCR court ordered a hearing after this Court issued its denial of certiorari. At the hearing, petitioner again raised a subject matter jurisdiction argument regarding the erroneous code sections in the indictments. The PCR court dismissed the application as successive, and specifically found that this Court had ruled on the subject matter jurisdiction argument that petitioner raised at the hearing.

Petitioner then filed another petition for certiorari and raised a new subject matter jurisdiction argument. For the first time, petitioner questioned whether the trial court lacked subject matter jurisdiction to accept his guilty pleas to the three counts of distribution within proximity of a school where the indictment alleged that petitioner distributed crack cocaine while within the grounds of "Anne's Day Care Center." The Court granted the petition on that question.

The indictments state that petitioner distributed a quantity of crack cocaine "while within a radius of one-half mile of the

grounds of Anne's Day Care Center, in violation of § 44–53–445."

## ISSUE

Did the trial court lack subject matter jurisdiction on the charges for distribution within proximity of a school?

## DISCUSSION

Petitioner argues that the trial court lacked subject matter jurisdiction to accept his guilty pleas to the three counts of distribution of crack cocaine within proximity of a school because the indictments stated that the distribution took place within proximity of "Anne's Day Care Center." Petitioner contends that because day care centers are not schools, the indictments fail to state the necessary elements of the offense. We agree.

Initially, we note that the State argues petitioner is precluded from raising a subject matter jurisdiction argument because the issue of subject matter jurisdiction has been litigated once before and ruled upon by this Court. We are unpersuaded by the State's procedural argument.

The jurisdiction of a court over the subject matter of a proceeding is fundamental. *Anderson v. Anderson*, 299 S.C. 110, 115, 382 S.E.2d 897, 900 (1989). "Lack of subject matter jurisdiction may not be waived, even by consent of the parties, and should be taken notice of by this Court." *Id.* It is well-settled that issues related to subject matter jurisdiction may be raised at any time, including for the first time on appeal in this Court. *Carter v. State*, 329 S.C. 355, 495 S.E.2d 773 (1998); *State v. Funderburk*, 259 S.C. 256, 191 S.E.2d 520 (1972). Furthermore, "[t]he acts of a court with respect to a matter as to which it has no jurisdiction are void." *Funderburk*, 259 S.C. at 261, 191 S.E.2d at 522.

While it is true that both this Court and the PCR court have addressed subject matter jurisdiction arguments related to the code sections in the indictments, neither this Court nor the PCR court has addressed the precise challenge now at issue. Since subject matter jurisdiction is an issue which is fundamental and may be raised at any time, we

decline to find that our review of this issue is precluded on procedural grounds. *Carter v. State, supra; Anderson v. Anderson, supra.*[1]

Turning to the merits of petitioner's argument, we hold that the trial court lacked subject matter jurisdiction over the three counts of distribution within proximity of a school.

The circuit court does not have subject matter jurisdiction to hear a guilty plea unless: (1) there has been an indictment which sufficiently states the offense; (2) there has been a waiver of indictment; or (3) the charge is a lesser included charge of the crime charged in the indictment. *Carter v. State, supra.* "The true test of the sufficiency of an indictment is not whether it could be made more definite and certain, *but whether it contains the necessary elements of the offense intended to be charged* and sufficiently apprises the defendant of what he must be prepared to meet." *Browning v. State,* 320 S.C. 366, 368, 465 S.E.2d 358, 359 (1995) (emphasis added).

The statute criminalizing distribution of a controlled substance within proximity of a school provides in pertinent part:

It is a separate criminal offense for a person to unlawfully distribute, sell, purchase, manufacture, or to unlawfully possess with intent to distribute, a controlled substance while in on or within a one-half mile radius of the grounds of a public or private elementary, middle, or secondary school; a public playground or park; a public vocational or trade school or technical educational center; or a public or private college or university.

S.C.Code Ann. § 44–53–445 (Supp.1992).[2] To prove distribution of crack cocaine under this section, the State must

---

1. The State couches its procedural argument in terms of res judicata. However, in a PCR action, the doctrine of res judicata does not apply to issues of subject matter jurisdiction. *Accord State v. Parham,* 2000 WL 1176529, *2 (Ohio Ct.App. Aug. 17, 2000) ("A petitioner for post-conviction relief is not precluded by res judicata where the claim is that the conviction is void for lack of subject matter jurisdiction.") (citing *State v. Wilson,* 73 Ohio St.3d 40, 652 N.E.2d 196, 200 n. 6 (1995)).

2. Initially, section 44–53–445 covered only "elementary, middle, or secondary" schools. *See* 1984 S.C. Acts No. 504. An amendment in

establish the following elements: (1) the defendant had actual control, or the right to exercise control over the crack cocaine; (2) he knowingly distributed or delivered the crack cocaine; (3) the substance upon analysis was, in fact, crack cocaine; and (4) the distribution occurred within a one-half mile radius of the grounds of an elementary, middle, secondary or vocational school; public playground or park; or college or university. *See id.; State v. Watts,* 321 S.C. 158, 168, 467 S.E.2d 272, 278 (Ct.App.1996).

The State maintains that the indictments conferred subject matter jurisdiction on the trial court because section 44–53–445 includes day care centers. Specifically, the State contends that day care centers (1) are encompassed by the term "elementary school," and (2) include playgrounds. Basic rules of statutory construction, however, refute the State's arguments.

■■■ First and foremost, a penal statute must be construed strictly against the State and in favor of the defendant. *Williams v. State,* 306 S.C. 89, 91, 410 S.E.2d 563, 564 (1991). " 'The rule that penal laws are to be construed strictly . . . is founded . . . on the plain principle that the power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the court, which is to define a crime, and ordain its punishment. . . .' " *Id.* (quoting *United States v. Wiltberger,* (18 U.S.) 5 Wheaton 76, 95–96, 5 L.Ed. 37, 42 (1820)).

■■■ The Court's primary function in interpreting a statute is to ascertain the intention of the legislature. *State v. Blackmon,* 304 S.C. 270, 273, 403 S.E.2d 660, 662 (1991). When the terms of a statute are clear and unambiguous, the Court must apply them according to their literal meaning. *Id.* Furthermore, "in construing a statute, words must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation." *Id.*

---

1990 expanded the statute very specifically to cover drug violations within proximity of a *"public or private* elementary, middle, or secondary school; *a public playground or park; a public vocational or trade school or technical educational center; or a public or private college or university."* See 1990 S.C. Acts No. 579 (emphasis on added terms). Subsequent amendments to the statute in 1994 and 1996 do not impact this case.

Looking at the clear and unambiguous terms of section 44–53–445, day care centers are not covered by the statute. The plain and ordinary meaning of "elementary school" simply does not encompass a day care center. *Cf. State v. Roland,* 577 So.2d 680 (Fla.Dist.Ct.App.1991) (where the court held that a statute prohibiting drugs within 1,000 feet of a "public or private elementary, middle or secondary school" did not apply to a kindergarten/preschool).

In *Roland,* the Florida court found that the common meaning of the term "elementary school" is a school including the first through the sixth or the eighth grades. *Id.* at 681 (citing Webster's New Collegiate Dictionary (1981)). Thus, the court held that the statute did not apply to kindergartens or preschools. We agree with the reasoning in *Roland.* To hold otherwise and find that a day care center is encompassed by the term elementary school would amount to a "forced construction" which would improperly expand the statute's operation. *Blackmon, supra.*

Moreover, section 44–53–445 does not simply criminalize distribution within proximity of a "school," but instead *very specifically* lists the types of schools covered. *See* § 44–53–445 (criminalizing distribution of drugs within "public or private elementary, middle, or secondary school; ... a public vocational or trade school or technical educational center; or a public or private college or university"). Thus, the maxim of *expressio unius est exclusio alterius* (the expression of one thing implies the exclusion of another) applies to exclude day care centers from falling within the statute since day care centers are not expressly included. *Accord State v. Roland, supra.* Certainly, if the Legislature had intended day care centers to be covered, it could have amended the statute to include such facilities. *See Blackmon, supra* (in interpreting a statute, the Court's primary function is to ascertain the intention of the legislature).[3]

We are similarly unpersuaded by the State's argument that day care centers include a playground or park. Listing a day care center in an indictment does not put a defendant on notice of the element of proximity within a public playground or park. *See* § 44–53–445.

---

3. *See also* footnote 2, *supra,* detailing the relevant legislative history of § 44–53–445.

It is the Legislature, not this Court, which defines a crime under a penal statute, and thus, we are bound to construe section 44–53–445 strictly against the State and in favor of the defendant. *Williams v. State, supra.* We hold that section 44–53–445 does not apply to day care centers. Hence, the indictments on their face failed to include a necessary element of the offense, and the trial court lacked subject matter jurisdiction to accept petitioner's pleas to these charges. *See Browning*, 320 S.C. at 368, 465 S.E.2d at 359 (an indictment is sufficient only when it contains the necessary elements of the offense intended to be charged).

Accordingly, petitioner's convictions and sentences on the three counts of distribution in violation of section 44–53–445 must be vacated. *See Funderburk*, 259 S.C. at 261, 191 S.E.2d at 522 ("The acts of a court with respect to a matter as to which it has no jurisdiction are void.").

## CONCLUSION

We reverse the PCR court's order of dismissal and vacate petitioner's convictions on the three counts of distribution within proximity of a school.[4]

**REVERSED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

</div>

---

4. Because certiorari was granted only on this issue, petitioner's other convictions are unaffected.