944 So.2d 532 (2006)
James COWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3680.
District Court of Appeal of Florida, Fourth District.
December 20, 2006.
Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant was convicted of two counts of possession of cocaine and two counts of sale of cocaine within 1000 feet of a school. He argues that his convictions for two counts on both charges, rather than one, violate double jeopardy. We agree that he can be convicted of only one count of possession, because the same cocaine was involved. He also argues that the state failed to prove that the sales had occurred within 1000 feet of a school, because there was no evidence as to the age of the students. We agree. State v. Roland, 577 So.2d 680 (Fla. 4th DCA 1991) (kindergarten/preschool is not a school so as to warrant enhanced penalties under section 893.13(1)(c), Florida Statutes); State v. *533 Lee, 583 So.2d 1055 (Fla. 4th DCA 1991) (center for severely mentally retarded people aged five to twenty-five, not a school within meaning of statute). We accordingly affirm one conviction for possession of cocaine and remand the two convictions for sale within 1000 feet of a school to be reduced to the lesser included crime of sale of cocaine. We reject appellant's argument that two counts of sale, which were to different buyers at about the same time, violate double jeopardy.
Reversed.
POLEN, KLEIN and MAY, JJ., concur.