PER CURIAM.
The defendant, Renald Joachin, appeals his criminal judgment and sentence for delivery of cocaine at or near a child care facility. He raises five points on appeal: (1) the state failed to prove the delivery occurred within 1000 feet of a child care facility as defined by statute; (2) the court erred in limiting the defense cross-examination of the two arresting officers; (3) fundamental error occurred in that the trial court instructed the jury on the un *998 charged theory of delivery of cocaine within 1000 feet of a school; (4) fundamental error occurred because the jury found delivery “at or near” a child care facility rather than within 1000 feet of one; and (5) the conviction and sentence for delivery of cocaine must be reversed for fundamental error because they are based on a facially unconstitutional statutory scheme.
As to Point 1, the state properly concedes in its answer brief that the evidence adduced at trial was insufficient to establish that the defendant delivered cocaine within 1000 feet of a child care facility, as defined in section 402.302, Florida Statutes. See Cox v. State, 764 So.2d 711, 713 (Fla. 1st DCA 2000) (reversing the defendant’s conviction for sale of cocaine within 1000 feet of a school where the sole evidence that the facility was a school was an officer’s testimony that he saw children playing outside the building with adults present). Similarly, in this case, the officer’s testimony failed to establish that the facility “provides child care for more than five children unrelated to the operator” and that the facility “receives a payment, fee, or grant for any of the children receiving care, wherever operated, and whether or not operated for profit.” See § 402.302(2), Fla. Stat. (2010).
Accordingly, we reverse and remand for entry of a judgment and sentence to the lesser included charge of delivery of cocaine. See Coward v. State, 944 So.2d 532, 533 (Fla. 4th DCA 2006) (reversing the defendant’s two convictions for sale within 1000 feet of a school because there was no evidence as to the age of the students and remanding with direction that the convictions be reduced to the lesser included crime of sale of cocaine). Our reversal on Point 1 renders Points 3 and 4 moot. As to the remaining issues, we find no merit.

Reversed and Remanded.

POLEN, TAYLOR and HAZOURI, JJ., concur.