383 So.2d 1103 (1980)
William G. INMON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 79-402.
District Court of Appeal of Florida, Second District.
April 23, 1980.
Rehearing Denied June 4, 1980.
*1104 John L. Riley, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellant William G. Inmon, Jr. was charged by information with involuntary sexual battery by threatening force against the victim. Prior to trial, the State served notice on appellant that his case had been referred to the Career Criminal Prosecution Program and that if the case proceeded to sentencing the State would "request that the defendant be sentenced pursuant to the Florida Habitual Offender Statute." Section 775.084, Florida Statutes (1979).[1] This notice was based on appellant's prior conviction for the same offense.
At trial, appellant exercised six peremptory challenges and attempted a seventh challenge which was objected to by the State on the ground that the charge was not a life felony. Appellant argues that under the Habitual Offender Statute he could be sentenced to life imprisonment and, therefore, should have ten peremptory challenges. The court upheld the State's objection and appellant was restricted to six peremptory challenges.
Appellant argues, inter alia, that where an offense charged is a first-degree felony and the State has announced that it will seek life imprisonment under the Habitual Offender Statute, appellant is entitled to ten peremptory challenges. We are unable to agree with appellant's argument and affirm the judgment and sentence entered against him.
Section 775.084(3)(b) provides:
(b) Written notice shall be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant. (Emphasis ours)
We interpret this provision to mean that the State shall serve notice on the defendant either before he enters a plea a guilty or nolo contendere, or, in the event he enters a plea of not guilty and submits to trial, prior to the imposition of sentence. In the instant case, appellant was charged with a first-degree felony which entitled him to only six peremptory challenges. If the State had elected to wait until immediately prior to sentencing to notify appellant that he would be sentenced under the Habitual Offender Statute, appellant certainly would have been limited to the six peremptory challenges allowed under the original information. The fact that the State chose to notify appellant prior to trial has no effect on this issue.
Appellant raises several other issues which we find to be without merit. Therefore, we affirm the judgment and sentence entered against appellant.
AFFIRMED.
BOARDMAN and CAMPBELL, JJ., concur.
NOTES
[1] Notice was pursuant to Section 775.084(3)(b), Florida Statutes.