COBB, Judge.
Appellant, Thomas Ashley, was convicted of battery on an officer and sentenced as a habitual felony offender to six years incarceration. On appeal, Ashley claims that the state untimely served its written notice of intent to seek a habitual offender sentence, contending that a notice to enhance punishment must be filed prior to the entry of a plea to ensure that a defendant knowingly and intelligently entered such plea. In the instant case, Ashley pled nolo contendere to the battery charge, but was not given any guarantee regarding a possible sentence. Ashley did not receive written notice of the state’s intent to “habitualize” prior to the entry of the nolo plea, but received the requisite notice three days after the nolo plea. Ashley was served with written notice on July 27, 1990, and sentenced on October 31, 1990, approximately three months later.
Section 775.084(3)(b), Florida Statutes (1989) reads as follows:
Written notice shall be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant.
The Second District Court of Appeal has interpreted the above provision to mean that written notice must be served before a defendant enters a plea of guilty or nolo contendere, or in the event of a not *28 guilty plea, prior to the imposition of sentence. See Inmon v. State, 383 So.2d 1103 (Fla. 2d DCA 1980), review denied, 389 So.2d 1111 (Fla.1980).
We disagree, based on a literal reading of the statute and on the basis of common sense. The “submission on behalf of the defendant” is relevant to the sentence, but normally has no bearing on the entry of a plea. Here, the trial court was under no obligation to advise Ashley of the enhancement at the time of the plea (collateral consequence of the plea). Scott v. State, 550 So.2d 111 (Fla. 4th DCA 1989); Blackshear v. State, 455 So.2d 555, 556 (Fla. 1st DCA 1984); Zambuto v. State, 413 So.2d 461, 462 (Fla. 4th DCA 1982). Hence, there was no concomitant duty to serve notice prior to entry of the plea. Compare Brown v. State, 585 So.2d 350 (Fla. 4th DCA 1991). We certify conflict with the second district opinion Inmon, supra, in regard to this issue.
As an additional basis for affirmance of the instant appeal, we find there was a waiver of the notice issue by the defendant’s failure to raise any objection in that regard at the trial level. Whether a defendant receives written notice a sufficient time prior to sentencing requires a factual resolution by the trial court. See Dailey v. State, 488 So.2d 532 (Fla.1986) (where sentencing court fails to make affirmative findings required by law, error may be raised on appeal without contemporaneous objection, but sentencing issues which involve factual questions require a contemporaneous objection to be preserved); State v. Rhoden, 448 So.2d 1013 (Fla.1984).
AFFIRMED.
GOSHORN, C.J., concurs.
DIAMANTIS, J., concurs in result only with opinion.