RYDER, Acting Chief Judge.
This is Mr. Audano’s second appearance before this court. In Audano v. State, 641 So.2d 1356 (Fla. 2d DCA 1994), we reversed his convictions for committing lewd and lascivious acts on a child under the age of sixteen and remanded the case for a new trial. At his second trial, the jury again found Mr. Audano guilty, and he now challenges those convictions. He has raised *883 three issues, but we find merit in only one, that the state failed to prove the act charged in Count III occurred in the time frame alleged in the information and the bill of particulars. We affirm Mr. Audano’s other two points on appeal without discussion.
Count III charged that Audano committed sexual battery on the victim by placing his tongue on her vagina “beginning on or about the 3rd day of May, 1991, through the 4th day of July, 1991.... ” In response to a motion by Audano’s counsel, the state filed a bill of particulars, which also stated that the incident alleged in the count occurred between those dates. At trial, the victim testified the oral sexual activity charged in Count III occurred after July 4, 1991. The state did not present any other evidence to establish when the crime had been committed, nor did it ask to amend the information to conform to the evidence. At the close of the state’s case, Audano moved for a judgment of acquittal on Count III, but the trial court denied his motion.
When a bill of particulars narrows the time within which the crime occurred, and the prosecution fails to show the defendant committed the offense within that time frame, a conviction on the charge must be reversed. State v. Jefferson, 419 So.2d 380, 331-32 (Fla.1982); State v. Beamon, 298 So.2d 376, 378-79 (Fla.1974), cert. denied, 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975). We, therefore, reverse Mr. Audano’s conviction for Count III, and remand to the trial court to enter a judgment of acquittal on that count. We affirm his convictions on Counts I and II.
Affirmed in part, reversed in part and remanded.
FRANK and ALTENBERND, JJ., concur.