CAMPBELL, Acting Chief Judge.
Appellant challenges the court’s determination that he committed a delinquent act by stealing a classmate’s leather jacket. He contends only that the state failed to prove the jacket’s value to support the charge of grand theft that was used to support the finding of delinquency. We agree that the evidence did not support the charge of grand theft, but conclude that it did support the lesser-ineluded offense of petit theft. We, therefore, remand for correction of the judgment to reflect the lesser-ineluded offense of petit theft in support of the delinquency finding.
The sole evidence of value was provided by the victim and was based solely on the item’s initial cost. There was no evidence of the jacket’s age, condition or any other factor that might bear on the jacket’s value at the time of the offense. While the value of the jacket was not properly established, that does not prevent the court from finding that appellant committed a delinquent act since the state did prove the lesser-included offense of petit theft, which will also support a finding of delinquency. See B.D. v. State, 412 So.2d 70 (Fla. 1st DCA 1982); § 39.01(13), Fla. Stat. (1995).
While we recognize that the consequence of reducing appellant’s offense to pet-it theft should also result in a reduction of his sentence, appellant has completed serving the sentence imposed and is no longer a juvenile. The court has, therefore, lost jurisdiction of appellant and can effect no meaningful correction of his sentence. Accordingly, we reverse the finding of grand theft and remand for a correction of appellant’s record to reflect he was found to have committed petit theft to support the delinquency petition.
SCHOONOVER and LAZZARA, JJ., concur.