720 So.2d 1131 (1998)
Wayne SMELLIE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2714.
District Court of Appeal of Florida, Fourth District.
November 4, 1998.
Rehearing Denied December 17, 1998.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
The appellant, Wayne Smellie, was convicted and sentenced for the crimes of robbery with a weapon, attempted robbery with a weapon, assault, criminal mischief and leaving the scene of an accident. On appeal, he raises four challenges to his conviction: (1) the trial court's ruling limiting him to only six peremptory challenges, (2) the trial court's ruling denying his motion for continuance for the purpose of retaining private counsel, (3) the trial court's ruling permitting the prosecutor to cross examine him regarding statements that he made to police at the time of his arrest, but which had been suppressed pursuant to stipulation of the parties, and (4) the trial court's ruling on a hearsay objection. We find no abuse of discretion with regard to the issues raised in points two and four. As to issues one and three, while we find that neither alleged error requires reversal of Smellie's convictions, we write to briefly address each.
As to the first issue, section 913.08(1), Florida Statutes (1997), provides in relevant part:

*1132 The state and the defendant shall each be allowed the following number of peremptory challenges:
(1) Ten, if the offense charged is punishable by death or imprisonment for life.
(2) Six, if the offense charged is a felony not punishable by death or imprisonment for life.
(3) Three, for all other offenses.
See also Fla. R.Crim. P. 3.350(a). Smellie argues that, since at the time of jury selection the State had already filed notice of its intent to have him declared an habitual felony offender, the offense with which he was chargedrobbery with a weapon, a first degree felonybecame punishable by life imprisonment and, therefore, that he was entitled to ten peremptory challenges. We agree with Inmon v. State, 383 So.2d 1103 (Fla. 2d DCA), review denied, 389 So.2d 1111 (Fla.1980), which held that the State's filing of its notice of intent to seek an habitual offender sentence enhancement prior to trial does not serve to increase the number of peremptory challenges a defendant would otherwise be permitted based on the "offense charged." Appellant's interpretation of the statute would lead to the incongruous result of allowing a defendant whose notice to habitualize was filed prior to jury selection ten peremptory challenges, while a defendant facing the same permissible life sentence whose notice is filed at a later stage of the proceeding would only have six. We interpret section 913.08(1)(a)'s reference to the punishment for the "offense charged" to pertain to the statutory maximum for the charged offense without habitual offender enhancement.
As to point three, challenging the State's use of appellant's suppressed statement to impeach his trial testimony, we find that the issue raised on appeal was neither preserved nor fundamental. Nowhere during a twelve-page bench conference did defense counsel even suggest that the statements that Smellie made to police were involuntary and, therefore, could not be used at trial, even for impeachment purposes. Not only did this failure to object on "voluntariness" grounds deprive the trial court of an opportunity to rule on the issue, but it also deprived the State of the chance to put on evidence that the statements were not sufficiently coerced so as to render them involuntary. Thus, we decline appellant's invitation to reverse his conviction on this ground.
In sum, we find no merit in the issues raised on appeal. Accordingly, we affirm.
GUNTHER and WARNER, JJ., concur.