PER CURIAM.
Rolando Whitaker (“defendant”) appeals his conviction for possession and sale of cocaine. Because the number of peremptory challenges afforded a defendant is determined by the statutorily prescribed penalty for the offense charged, we affirm.
The defendant was charged with one count of unlawful sale or delivery of cocaine on or near school property, a first degree felony, and one count of possession with intent to sell or deliver cocaine, a second degree felony. Prior to trial, the State sought to declare the defendant an habitual offender and enhance his penalty to a potential life sentence under Section 775.084, Florida Statutes (1997). Since he faced a potential life sentence, the defendant requested ten peremptory challenges during jury selection. The trial court, however, denied the defendant’s request. The defendant was subsequently convicted and sentenced to fourteen years as an habitual offender on Count I and six years on Count II.
On appeal, the defendant contends that the trial court erred in denying him ten peremptory challenges as prescribed by Section 913.08(1), Florida Statutes (1997). We disagree.
Section 913.08(1) provides:
(1) The state and the defendant shall each be provided with the following number of peremptory challenges:
(a) Ten, if the offense charged is punishable by death or imprisonment for life;
(b) Six, if the offense charged is punishable by imprisonment for more than twelve months but is not punishable by death or imprisonment for life;
(c) Three, for all other offenses.
The “offense[s] charged” here are not punishable by “death or life imprisonment,” and accordingly, the defendant is not entitled to ten peremptory challenges. See § 775.082(3)(b), (c), Fla. Stat. (1997); Smellie v. State, 720 So.2d 1131 (Fla. 4th DCA 1998). The defendant’s status as an habitual offender does not alter the nature of the offenses charged. See Smellie v. State, 720 So.2d at 1132; Inmon v. State, 383 So.2d 1103 (Fla. 2d DCA 1980), rev. denied, 389 So.2d 1111 (Fla.1980).
*450 The defendant urges us to de-emphasize the “offense charged” language and to focus solely on the ultimate potential sentence. The problem with this approach, however, is that it would lead to inconsistent treatment for defendants facing potential life sentences under the Habitual Offender Statute. See Smellie v. State, 720 So.2d at 1132; Inmon v. State, 383 So.2d at 1103.
Section 775.084(3)(b) allows the State to file its notice of intent to seek an habitual offender sentence enhancement before or after jury selection. If we were to adopt the defendant’s construction of Section 913.08(1), we would achieve “the incongruous result of allowing a defendant whose notice to habitualize was filed prior to jury selection ten peremptory challenges, while a defendant facing the same permissible life sentence whose notice is filed at a later stage in the proceedings would only have six.” See Smellie v. State, 720 So.2d at 1132. This result is unacceptable. Smellie v. State, 720 So.2d at 1132; Inmon v. State, 383 So.2d at 1103.
Finding no merit in the defendant’s remaining contentions, we affirm the judgement entered below in all respects.
Affirmed.