764 So.2d 711 (2000)
Anthony COX, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-2737.
District Court of Appeal of Florida, First District.
June 19, 2000.
James T. Miller, Jacksonville, for Appellant.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
JOANOS, J.
Appellant, Anthony Cox, appeals his conviction for the offense of sale of crack cocaine within 1000 feet of a school. The issues presented are whether the trial court erred in denying appellant's motion for judgment of acquittal as to the offense charged, and whether the trial court erred in denying appellant additional peremptory challenges. We affirm in part and reverse in part.
On January 12, 1999, appellant was charged in a two-count information with: Count Isale, manufacture or delivery of a controlled substance within 1000 feet of a school, contrary to section 893.13(1)(c)1, Florida Statutes; and Count IIactual or constructive possession of cocaine contrary to the provisions of section 893.13(6)(a), Florida Statutes. The sale allegedly occurred December 8, 1998; the charge involving possession occurred December 21, *712 1998. On January 12, 1999, the state served notice of intent to prosecute appellant as a career criminal. On February 17, 1999, the state filed notice of intent to classify appellant as an habitual felony offender. Thereafter, the trial court granted appellant's motion for severance of Counts I and II for trial. This appeal concerns only appellant's conviction of the Count I charge of sale of crack cocaine within 1000 feet of a school.
During the jury selection process, appellant's counsel advised the trial court that he believed both the state and the defense were entitled to ten peremptory challenges, because appellant was subject to a sentence of life imprisonment by virtue of the habitual felony offender statute. The trial court indicated each side would have six challenges, unless either defense counsel or the prosecutor could produce legal authority to the contrary. When both sides had exhausted their peremptory challenges, defense counsel renewed his objection to the ruling which limited appellant to six peremptory challenges. Counsel urged that pursuant to the plain meaning of rule 3.350(a)(1), of the Florida Rules of Criminal Procedure, a defendant charged with an offense punishable by death or imprisonment for life is entitled to ten peremptory challenges during the jury selection process. The trial court adhered to its original ruling. In doing so, the court reasoned that appellant had been charged with a plain first-degree felony, and was subject to a life sentence only because of the habitual offender statute.
At trial, the state adduced evidence that appellant sold crack cocaine to undercover narcotics detectives. The state also adduced evidence that a structure known as the Academy of Excellence was located across the street at a distance of 137 feet from the area where the drug transaction took place. However, the state failed to adduce evidence which established that the Academy of Excellence was a school at the time of the subject offense.
We reject the state's assertion that the first issue was not preserved. Based upon our examination of the record, we conclude the issue raised on appeal was presented to, and was ruled upon, by the trial court. Thus, the issue is properly before us for review. The standard of review of a trial court's denial of a motion for judgment of acquittal is whether the trial court abused its discretion. See Lee v. State, 745 So.2d 1036, 1037 (Fla. 1st DCA 1999), citing Terry v. State, 668 So.2d 954 (Fla.1996).
The statute applicable, section 893.13(1)(c), Florida Statutes, provides in pertinent part:
(c) Except as authorized by this chapter, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance in, on, or within 1,000 feet of the real property comprising a child care facility as defined in s. 402.302 or a public or private elementary, middle, or secondary school between the hours of 6 a.m. and 12 a.m....
It is incumbent upon the state to introduce competent evidence of each element of the offense charged. If the evidence of an element of the offense charged does not conform to the date of the offense alleged in the information, the defendant's motion for judgment of acquittal should be granted. See, generally, Audano v. State, 674 So.2d 882, 883 (Fla. 2d DCA 1996); Hutchinson v. State, 453 So.2d 900, 902 (Fla. 4th DCA 1984). See also J.P. v. State, 681 So.2d 1183, 1184 (Fla. 2d DCA 1996)(evidence of value did not support charge of grand theft, but did support the lesser-included offense of petit theft; cause remanded for correction of judgment to reflect lesser-included offense of petit theft in support of delinquency finding).
In State v. Edwards, 581 So.2d 232 (Fla. 4th DCA 1991), the state appealed the trial court's dismissal of a charge that Edwards purchased cocaine within 1,000 feet of the Lauderdale Manor Christian Learning Center in violation of section 893.13(1)(e), Florida Statutes (1989). At the hearing on the motion to dismiss, the administrator of *713 Lauderdale Manor testified the school was not licensed by the state, but was controlled by a regional office of Accelerated Christian Education, Inc., based in Louisville, Texas. The administrator testified that Lauderdale Manor provided individualized training programs to its students, and it was equipped to educate students up to eighth grade level in the public school system. At the time of the offense, fourteen students were enrolled at Lauderdale Manor; twelve students were in the pre-K or nursery school level, and one student was learning at the first grade level. The court found that application of the common meaning of "elementary school" to the case revealed that Lauderdale Manor was an elementary school for purposes of section 893.13(1)(e). Accordingly, the court reversed the dismissal of the charge and remanded for further proceedings. See id. at 234.
The "judicial notice" statute, section 90.202, Florida Statutes, provides in pertinent part:
A court may take judicial notice of the following matters to the extent that they are not embraced within § 90.201:
. . . .
(11) Facts that are not subject to dispute because they are generally known within the territorial jurisdiction of the court.
(12) Facts that are not subject to dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned.
In McKinney v. State, 640 So.2d 1183 (Fla. 2d DCA 1994), the court approved the trial court's judicial notice that Lakeland Christian School is a school for purposes of section 893.13(1)(c), Florida Statutes, finding such notice authorized by section 90.202(11) and (12). The court noted that it had published at least one opinion in which Lakeland Christian School had been the school relied upon for a conviction under section 893.13(1)(c). See Stamps v. State, 620 So.2d 1033 (Fla. 2d DCA 1993). See McKinney, 640 So.2d at 1184. The court recognized that the status of the school had been established previously in another case and was well known within the jurors' community. In such circumstances, the court reasoned that "the trial judge should not be compelled to force the school's principal to spend his or her valuable time at the courthouse confirming a status that no one seriously contests." See id.
Appellant in this case concedes the state presented evidence which established that two years before the offense charged, the Academy of Excellence was a school within the meaning of section 893.13(1)(c). Nevertheless, the only competent evidence that the academy was a school in December 1998, when the offense occurred, consisted of an officer's testimony that he observed children playing outside the building with adults present. Unlike the situation in McKinney, here the state has not directed our attention to, nor has our independent research revealed, a prior case from this court which recognized the Academy of Excellence as a school. Further, we infer from the appellate record that the school status of the Academy of Excellence is not common knowledge within the territorial jurisdiction of Duval County Circuit Court.
Therefore, we conclude the state failed to prove an essential element of the charged offense, i.e., that the offense was committed within 1,000 feet of a school. Since the state proved appellant committed the offense of sale of cocaine, the conviction for sale of cocaine within 1,000 feet of a school must be vacated and remanded with directions to enter a judgment of conviction and sentence for sale of cocaine, in accordance with the provisions of section 924.34, Florida Statutes.
As to the second issue, we affirm the trial court's ruling limiting appellant and the state to six peremptory challenges each. The statute applicable, section 913.08, provides in pertinent part:
(1) The state and the defendant shall each be allowed the following number of peremptory challenges:

*714 (a) Ten, if the offense charged is punishable by death or imprisonment for life;
(b) Six, if the offense charged is punishable by imprisonment for more than 12 months but is not punishable by death or imprisonment for life;
(c) Three for all other offenses.
See also Fla.R.Crim.P. 3.350(a).
The argument raised by appellant on this point has been considered and rejected by the second, third, and fourth district courts of appeal. See Whitaker v. State, ___ So.2d ___, 1999 WL 510773 (Fla. 3d DCA 1999)[24 Fla. L. Weekly D1692]; Smellie v. State, 720 So.2d 1131 (Fla. 4th DCA 1998); Inmon v. State, 383 So.2d 1103 (Fla. 2d DCA), review denied, 389 So.2d 1111 (Fla.1980). In each of the cited cases, the defendant maintained that because he was charged with a first degree felony which became punishable by life imprisonment by virtue of the state's decision to seek habitual offender sentencing, he was entitled to ten peremptory challenges. In Inmon, the court focused on the penalty attributable to the charged offense, rather than the possible penalties attributable to habitual offender enhancement. See Inmon, 383 So.2d at 1104.
The third and fourth districts agreed with the rationale expressed in Inmon. See Smellie, 720 So.2d at 1132 ("We interpret section 913.08(1)(a)'s reference to the punishment for the `offense charged' to pertain to the statutory maximum for the charged offense without habitual offender enhancement."). Among other things, the courts were persuaded that the respective defendants' interpretation would lead to inconsistent treatment, because a defendant whose notice to habitualize was filed before jury selection would receive ten peremptory challenges, while a defendant who received notice later in the proceedings would be limited to six peremptory challenges. See Smellie, 720 So.2d at 1132; Whitaker, 24 Fla. L. Weekly at D1693, ___ So.2d at ___.
Appellant in this case recognizes that in the absence of a decision from this court on this issue, the trial court was obligated to follow the decisions of the second, third, and fourth district courts of appeal. Nevertheless, appellant urges this court to reject the prior rulings of those courts, and find that a defendant subject to a life sentence by virtue of the habitual offender statute should be entitled to ten peremptory challenges.
In our view, appellant has failed to show a flaw in the reasoning and the interpretation adopted by the Inmon, Smellie, and Whitaker panels. Moreover, appellant has failed to show the trial court abused its discretion in denying his request for additional peremptory challenges. See Hall v. State, 614 So.2d 473, 476 (Fla.), cert. denied, 510 U.S. 834, 114 S.Ct. 109, 126 L.Ed.2d 74 (D.Fla.1993); Parker v. State, 456 So.2d 436, 442 (Fla.1984); Hammond v. State, 727 So.2d 979, 980 (Fla. 2d DCA 1999), pet. for review dismissed, 752 So.2d 559 (Fla.2000). Therefore, appellant cannot prevail on this issue.
Accordingly, we reverse the conviction and sentence for sale of cocaine within 1000 feet of a school, and remand this cause with directions to enter a conviction for sale of cocaine and to impose sentence accordingly. In all other respects, the trial court's rulings are affirmed.
ALLEN and KAHN, JJ., CONCUR.