949 So.2d 253 (2007)
Kayan Emmanuel SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4021.
District Court of Appeal of Florida, Fourth District.
January 24, 2007.
Rehearing Denied March 19, 2007.
Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Kayan Emmanuel Smith appeals his conviction and sentence for one count of *254 sale of cocaine within 1,000 feet of a park. Smith raises three points on appeal. We affirm on all points and choose to discuss the merits of his first point on appeal; that the trial court erred in failing to grant his motion for judgment of acquittal which asserted that the state failed to establish that the transaction took place within 1,000 feet of a park.
The charged crime in question occurred on April 19, 2005 at the intersection of Spruce Avenue and 16th Street in the City of West Palm Beach, Florida. Officer Thomas Breneman was working in the street narcotics unit of the Palm Beach County Sheriff's Office when he encountered Smith. Breneman told Smith that he needed to "get forty," indicating forty dollars worth of crack cocaine. Smith told Breneman to pull around the corner, which he did. Smith rode up on his bicycle, took crack cocaine out of his mouth, and handed it to Breneman. Breneman gave him two twenty dollar bills and left. Smith was later apprehended. The transaction was videotaped and entered into evidence at the time of trial. The trial took place on September 20, 2005, approximately five months after the sale of the cocaine.
Smith's argument that he was entitled to a judgment of acquittal on the crime of the sale of cocaine within 1,000 feet of a park centers around his argument that there was not sufficient evidence presented that the park in question, Nathaniel James Adams Park, was in existence on the date of the crime. As part of the proof, the state presented the testimony of City of West Palm Beach Police Officer Donde who, approximately five weeks prior to trial, with the use of an ultra light laser, measured the distance from the intersection of 16th Street and Spruce Avenue to Nathaniel James Adams Park to be 750 feet. In addition to the introduction of the measurement, the state also introduced, without objection, a photograph of the park showing the existence of mature trees and a sign, designating the park to be named in honor of Nathaniel James Adams.
In Johnston v. State, 863 So.2d 271 (Fla. 2003), the Florida Supreme Court recognized:
In reviewing a motion for judgment of acquittal, a de novo standard of review applies. See Pagan v. State, 830 So.2d 792, 803 (Fla.2002), cert. denied, 539 U.S. 919, 123 S.Ct. 2278, 156 L.Ed.2d 137 (2003). Generally, an appellate court will not reverse a conviction that is supported by competent, substantial evidence. See Pagan, 830 So.2d at 803 (citing Donaldson v. State, 722 So.2d 177 (Fla.1998); Terry v. State, 668 So.2d 954, 964 (Fla.1996)). There is sufficient evidence to sustain a conviction if, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt. See Banks v. State, 732 So.2d 1065 (Fla.1999). "A motion for judgment of acquittal should be granted in a circumstantial evidence case if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt." Orme v. State, 677 So.2d 258, 262 (Fla.1996).
Johnston, 863 So.2d at 283.
"When evidence adequately supports two conflicting theories, [an appellate court's] duty is to review the record in the light most favorable to the prevailing theory." Johnson v. State, 660 So.2d 637, 642 (Fla.1995) (citing Wuornos v. State, 644 So.2d 1012, 1019 (Fla.1994), cert. denied, 514 U.S. 1070, 115 S.Ct. 1708, 131 L.Ed.2d 568 (1995)). The relevant question on appeal is, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict, *255 whether there is competent, substantial evidence to support the jury's verdict and judgment. Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
Section 893.13(1)(c) governs the sale of cocaine within 1,000 feet of a park. The statute states, in part:
Except as authorized by this chapter, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance in, on, or within 1,000 feet of the real property comprising a child care facility as defined in s. 402.302 or a public or private elementary, middle, or secondary school between the hours of 6 a.m. and 12 midnight, or at any time in, on, or within 1,000 feet of real property comprising a state, county, or municipal park, a community center, or a publicly owned recreational facility. For the purposes of this paragraph, the term "community center" means a facility operated by a nonprofit community-based organization for the provision of recreational, social, or educational services to the public. . . .
§ 893.13(1)(c), Fla. Stat. (2005).
Smith relies on Cox v. State, 764 So.2d 711 (Fla. 1st DCA 2000), to support his assertion that the trial court erred in failing to grant the motion for judgment of acquittal. Cox is distinguishable from the case at bar. In Cox, the appellant was convicted of sale of crack cocaine within 1,000 feet of a school. The state presented evidence that the appellant sold crack cocaine to undercover narcotics detectives. The state also introduced evidence that a structure called the Academy of Excellence was across the street at a distance of 137 feet from the area where the drug transaction took place. Nonetheless, the state failed to adduce evidence which proved that the Academy of Excellence was a school at the time of the drug transaction. Id. at 712. The state presented evidence which established that two years before the charged offense, the Academy of Excellence was a school within the meaning of section 893.13(1)(c), Florida Statutes. However, the only competent evidence that the academy was a school when the offense occurred consisted of an officer's testimony that he observed children playing outside the building with adults present.[1]Id. at 713. Thus, the First District concluded that "the state failed to prove an essential element of the charged offense, i.e., that the offense was committed within 1,000 feet of a school." Id.
However, unlike Cox, the state in the instant case presented competent evidence of the element in question. Here, the state presented competent evidence that the park existed at the time appellant sold crack cocaine to the undercover agent. The photograph of the park indicated that the landscaping of the park was not new. The trees were fully grown and there was no indication that they had been recently planted. Additionally, unlike Cox, in which the testimony concerning the existence of the school was made from observations two years after the commission of the crime, in the instant case, the trial took place five months after the sale of the cocaine and the measurement was made within four months of the sale. Further, the photograph introduced into evidence on the existence of the park was admitted without objection. Smith's counsel did not assert the photograph was irrelevant or *256 immaterial, nor did counsel assert that the photograph failed to fairly and accurately depict the park at the time of the crime. Therefore, there was competent evidence in the case at bar that the park existed when the offense occurred.
Affirmed.
KLEIN and MAY, JJ., concur.
NOTES
[1] The First District also inferred that the status of the Academy of Excellence as a school was not common knowledge within the territorial jurisdiction of the Circuit Court in Duval County.