958 So.2d 549 (2007)
Andre HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1044.
District Court of Appeal of Florida, Fourth District.
June 13, 2007.
*550 Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Andre Hill appeals his jury conviction for robbery with a firearm and concomitant life sentence, arguing that the trial court erred in denying his motion for judgment of acquittal. We affirm.
The charges arose from an armed robbery of a man on a bicycle. The victim identified Hill's cousin as the man who stole his money at gunpoint and identified Hill as the driver of the getaway car. Hill contends that the state's evidence is entirely circumstantial and that there is no evidence to overcome his explanation for his conduct, which, he argues, is a reasonable hypothesis of innocence. See State v. Law, 559 So.2d 187, 189 (Fla.1989).
Shortly after the robbery, Officer Gilroy was searching for the described vehicle when he observed a car matching the description with two males in the front seat. The police car and the suspects' car were traveling in opposite directions; the driver accelerated when he realized he was looking at a law enforcement officer. A chase began. Gilroy radioed the investigating officer with a description and got confirmation that the car matched the one described by the victim. The officer activated his lights in an effort to stop the speeding suspects, but they did not stop. Eventually, the car came to a dead end and a fence, forcing it to halt. Both occupants exited the passenger side; the passenger immediately escaped through a gap in the fence. Gilroy testified that Hill next exited the vehicle with his hands raised before he took off running through the same gap in the fence.
Hill admitted that he was the driver of the car on the night of the robbery and described watching his cousin, the co-defendant, pull out a gun while robbing the victim. He told the jury that he had stopped the car at his cousin's behest. Hill stated that he did not get out of the *551 car,[1] remaining in the car about twenty feet away, unable to hear the conversation because the windows were closed. Hill claimed that he did not know what his cousin was going to do.
The cousin got back into the car and directed Hill to "mash the gas" and take off. Questioned about his elusive maneuvers fleeing from police, Hill said that he thought there must have been an arrest warrant out for him because of an unpaid bill with a bondsman who had bonded him out on a misdemeanor charge just days before the incident, and he was trying to avoid arrest. Hill contends that he was surprised by his cousin's actions and had done nothing to encourage, incite, or participate in the robbery. The defense rested its case and renewed its motion for judgment of acquittal.
Hill's defense theory was that he could not be held responsible as a principal for his cousin's actions because there was no proof that he had done anything beyond drive the car, and only circumstantial evidence of his intent.
The day of sentencing, Hill's attorney renewed the motion for judgment of acquittal, on the same grounds as argued at trial, claiming the state failed to provide evidence inconsistent with Hill's hypothesis of innocence.
Our review of the motion for judgment of acquittal is de novo. Smith v. State, 949 So.2d 253 (Fla. 4th DCA 2007). Hill was tried and convicted as a principal to the robbery. "In order to be guilty as a principal for a crime physically committed by another, one must intend that the crime be committed and do some act to assist the other person in actually committing the crime." Staten v. State, 519 So.2d 622, 624 (Fla.1988). Hill admitted driving the car, and there is direct evidence of his actions to assist. However, the case turns on whether Hill intended that the crime be committed. Hill contends that there is no direct evidence of the requisite specific intent, only circumstantial.
In ruling on a motion for judgment of acquittal, it "is the trial judge's proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state." Law, 559 So.2d at 189 (emphasis in original).
Although it could well be argued that this is not a circumstantial evidence case, we conclude that, in any event, there is substantial evidence inconsistent with innocence and indicative of guilt. We recognize that mere knowledge that an offense is being committed does not equate to participation with criminal intent, and mere presence at the scene, including driving a perpetrator to and from the crime, or a display of questionable behavior after the fact, is not, alone, sufficient to establish participation. See West v. State, 585 So.2d 439 (Fla. 4th DCA 1991); Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972). Here, however, the evidence is that Hill watched his cousin rob the cyclist, waited for him to get back in the car, and took off, ultimately fleeing the police in a high speed car chase, followed by flight on foot.
Although the Second District, in Pack v. State, 381 So.2d 1199 (Fla. 2d DCA 1980), reversed a defendant's conviction as a principal for a robbery committed by his brother, finding the evidence insufficient *552 despite a high speed chase, there is a significant difference. The Pack court found the state failed to refute the defense theory that he had simply driven his brother to a store and waited in the car while his brother went inside and, unbeknownst to him, robbed it. In that case, there was no evidence that the driver/principal knew that his brother was committing a robbery. Id. at 1200. Here, Hill watched as his cousin pulled out the gun and robbed the victim, waited for the gunman to get back in the car, and took off with his cousin, the fruits of the crime, and the gun.
The state is not required to conclusively rebut every possible variation of events which could conceivably be inferred from the evidence. We deem Hill's conduct, on its face, to be inconsistent with a claim of innocence. Whether Hill's flight was evidence of his intent to participate in the crime, or was simply out of fear of arrest on a possible warrant for not paying a bondsman on a misdemeanor charge, was a proper question for the jury.
GUNTHER and FARMER, JJ., concur.
NOTES
[1] In cross-examination by the state, the victim acknowledged stating in a deposition that Hill might have also gotten out of the car, but we do not consider the disputed fact in our analysis.