GERBER, J.,
concurring in part and dissenting in part.
I concur with the majority that the trial court erred in admitting the detective’s testimony, and that the admission of such testimony was not harmless. However, I respectfully dissent from the majority’s opinion that the trial court should have granted the defendant’s motion for judgment of acquittal. I would remand for a new trial.
The victim’s testimony, viewed in the light most favorable to the state, supports affirming the trial court’s denial of the motion for judgment of acquittal. See *581 Jackson v. State, 18 So.3d 1016, 1025 (Fla.2009) (“[T]he trial court’s determination [denying a motion for judgment of acquittal] will be affirmed if the record, viewed in the light most favorable to the State, contains competent, substantial evidence supporting each element of the offenses.”) (citations omitted). The victim testified that the defendant was “watching what was going on the whole while ... looking at me while I was getting robbed.” According to the victim, the defendant “watched me with my hands up in the air ... he could see me in plain sight while I was getting robbed.” In the victim’s words, the defendant was “making motions where everybody get surrounded and meet one another at the same time and him keep me from going — being at a safe distance where I couldn’t get away from nobody.” After completing the robbery, the co-defendants then met up with the defendant and the three rode off together on their bikes. Fifteen minutes later, the defendant possessed the gun used in the robbery.
Based on the victim’s testimony, the jury could infer that the defendant intended to participate as a lookout for the robbery and therefore could be convicted as a principal. See § 777.011, Fla. Stat. (2009) (“Whoever commits any criminal offense ... or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he or she is or is not actually or constructively present at the commission of such offense.”); State v. Larzelere, 979 So.2d 195, 215 (Fla.2008) (“To be convicted as a principal for a crime physically committed by another, the defendant must intend that the crime be committed and must do some act to assist the other person in actually committing the crime.”) (citations omitted).
The case upon which the majority relies, J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979), is distinguishable. There, the victim was sitting on a bus bench when she was approached by two males. The perpetrator sat next to the victim, while the defendant stood behind the bench. The perpetrator grabbed the victim’s purse. The defendant took no part in the actual robbery and did not talk to the perpetrator. After the perpetrator took the purse, the defendant ran away with him. When apprehended, the defendant denied that he had done anything wrong. On those facts, the third district held that the evidence was “manifestly insufficient to exclude a reasonable hypothesis of innocence.” Id. at 1220. The court explained that the evidence “does not exclude the reasonable inference that the defendant had no knowledge of the crime until it actually occurred, and thus that he did not intend to assist in its commission.” Id. Significantly, though, the court does not mention anything about the defendant curtailing the victim’s ability to escape.
Here, however, the victim testified that the defendant, among other things, was “making motions where everybody get surrounded and meet one another at the same time and him keep me from going — being at a safe distance where I couldn’t get away from nobody.” In my view, that additional testimony of curtailing the victim’s ability to escape is sufficient to preclude a reasonable inference that the defendant had no knowledge of the crime until it actually occurred and did not assist in its commission.
This case is closer our court’s precedent of Hill v. State, 958 So.2d 549 (Fla. 4th DCA 2007). There, the victim identified the defendant’s cousin as the man who stole his money at gunpoint and identified the defendant as the driver of the getaway *582 car. Shortly after the robbery, the police spotted the car. The defendant fled until reaching a dead end. After the police arrested the defendant, he said that he stopped the car at his cousin’s request, did not get out of the car, was unable to hear the conversation between his cousin and the victim, and did not know what his cousin was going to do. However, the defendant described watching his cousin pull out a gun while robbing the victim. The defendant said that his cousin got back into the car and directed him to “mash the gas” and take off. Questioned about his elusive maneuvers fleeing from the police, the defendant said that he thought there must have been an arrest warrant out for him because of an unpaid bill with a bondsman for a misdemeanor charge, and he was trying to avoid arrest.
The defendant moved for a judgment of acquittal, claiming that the state failed to provide evidence inconsistent with his hypothesis of innocence that he was surprised by his cousin’s actions and had done nothing to encourage, incite, or participate in the robbery. The trial court denied the motion. We affirmed, reasoning:
Although it could well be argued that this is not a circumstantial evidence case, we conclude that, in any event, there is substantial evidence inconsistent with innocence and indicative of guilt....
... Here, [the defendant] watched as his cousin pulled out the gun and robbed the victim, waited for the gunman to get back in the car, and took off with his cousin, the fruits of the crime, and the gun.
The state is not required to conclusively rebut every possible variation of events which could conceivably be inferred from the evidence. We deem [the defendant’s] conduct, on its face, to be inconsistent with a claim of innocence. Whether [the defendant’s] flight was evidence of his intent to participate in the crime, or was simply out of fear of arrest on a possible warrant for not paying a bondsman on a misdemeanor charge, was a proper question for the jury.
Id. at 551-52.
As in Hill, we should conclude here that there is substantial evidence inconsistent with innocence and indicative of guilt. Here, the defendant watched as the co-defendants pulled out a gun and robbed the victim, waited for the co-defendants to ride up to him on their bikes, and took off with them, the fruits of the crime, and the gun. This competent, substantial evidence supports a factual finding that the defendant intended to participate, and in fact participated, in the robbery. Therefore, we should affirm the trial court’s denial of the motion for judgment of acquittal.